STATE v. SIBBALD SMITH.

(Filed 2 January, 1929.)

**1. Criminal Law—Judgment—Suspended Judgments—Opportunity to Be Heard.**

   Where the defendant has been convicted of slandering a virtuous woman and judgment has been suspended upon certain conditions, before the suspended judgment can be put into execution for the failure of defendant to perform the conditions thereof he must be given an opportunity to be heard, and on appeal the judge should find the facts upon which he acted in putting the judgment into effect.

**2. Criminal Law—Judgment—Cost Not a Part of Punishment.**

   The taxing the cost in a criminal action is not a part of the punishment for the offense committed, and is regulated by statute. C. S., 1268, 1270.

CRIMINAL ACTION, before *Moore, J.,* at August Term, 1928, of SWAIN.

At the March Term, 1927, of the Superior Court of Swain County the defendant was convicted of slander of an innocent and virtuous woman, and the following judgment entered: "It is the judgment of the court that the defendant be confined in the common jail of Swain County for a period of four months and pay the costs of this action. Capias on this sentence not to issue on the express condition that he will not violate any of the laws of the State, and particularly not to talk about young girls in any way except complimentary remarks, and on the further condition that he be of good behavior toward all citizens of North Carolina and engage in some constant occupation regularly, and he is allowed until the first day of next term of Swain County Superior Court in which to pay the cost."

At the August Term, 1928, the judge issued a capias for defendant and entered the following judgment: "This cause coming on to be heard, and it appearing to the court that the defendant has failed to comply with former judgment in this case in that he failed to pay the costs as required in the judgment; It is therefore ordered that the judgment be enforced and the defendant be sent to jail for four months to carry out said judgment."

*Attorney-General Brummitt and Assistant Attorney-General Nash for the State.*

*Moody & Moody, W. G. Hall and McKinley Edwards for defendant.*

BROGDEN, J. It does not appear from the record that the defendant was offered an opportunity in open court to be heard upon the question as to whether he had violated the conditions upon which the original

judgment was suspended. Neither is there evidence or finding of fact to the effect that any of said conditions had been violated.

The exception of the defendant to the judgment appealed from is sustained. *S. v. Hardin,* 183 N. C., 815, 112 S. E., 593; *S. v. Phillips,* 185 N. C., 614, 115 S. E., 893; *S. v. Gooding,* 194 N. C., 271, 139 S. E., 436.

Costs constitute no part of the punishment of the defendant. *S. v. Crook,* 115 N. C., 760, 20 S. E., 513.

Liability for costs in criminal cases is regulated by C. S., 1268-1270. These sections provide in substance that a defendant upon failing to pay costs may be imprisoned "until the costs shall be paid, or until he shall otherwise be discharged according to law."

Error.