### STATE v. EMANUEL "SHUG" BROWN.

(Filed 12 October, 1960.)

**1. Intoxicating Liquor § 17—**

Conspiracy to violate the liquor law is a misdemeanor punishable by fine or imprisonment, or both. G.S. 14-3.

**2. Criminal Law § 136—**

Where the court suspends execution of sentence on condition that defendant pay a fine and be of good behavior during the ensuing five years, the payment of the fine does not preclude the court from thereafter ordering the sentence put into effect upon the court's finding that defendant had breached the terms of suspension by violating the criminal law. G.S. 15-200.

**3. Same—**

In a hearing to determine whether defendant had violated the terms of a suspended sentence, the introduction in evidence of the minutes of a Recorder's Court to show that defendant had pleaded guilty to a criminal charge in that court, will not be held prejudicial, since rules of evidence are not so strictly enforced in a hearing by the judge as in a trial by jury.

APPEAL by defendant from *Hooks, J.,* July 1960 Criminal Term, of MECKLENBURG.

At the June 1956 Criminal Term of Superior Court of Mecklenburg County defendant, through counsel, pleaded guilty to a charge of "conspiracy to violate North Carolina liquor laws." The court imposed a prison sentence of two years and suspended execution of the sentence on conditions, among others, that defendant pay a fine of $1,000.00 and costs, "be of good behavior" and "violate none of the laws of the State" during the ensuing five years.

At the July 1960 term the State charged that defendant had violated the conditions and prayed that the prison sentence be put into effect.

". . . (A)fter hearing the evidence of the State and the defendant," the court found as a fact:

"2. That on May 19, 1960, the defendant was convicted in the Recorder's Court of Mecklenburg County upon a charge of receiving stolen goods or property well knowing the same to have been feloniously stolen, such offense having been committed on May 12, 1960, which said date was within five years from July 18, 1956 . . .

"3. . . . (T)hat the defendant has not been of good behavior and has violated the law . . .

"Therefore, the court finds that the terms and conditions of the sentence imposed . . . have been wilfully violated, and it is ordered and adjudged that the suspended sentence . . . be activated and placed into immediate effect . . .."

Defendant appealed and assigned errors.

*Attorney General Bruton and Assistant Attorney General McGalliard for the State.*

*Amon M. Butler and Elbert E. Foster for the defendant, appellant.*

PER CURIAM. The principles of law applied by this Court in *State v. Wilson,* 216 N.C. 130, 4 S.E. 2d 440, are controlling on this appeal. Payment of fine as a condition of suspension of sentence does not render void the subsequent activation of the prison term for breach of other conditions. Defendant is not twice punished for the same offense. Conspiracy to violate the liquor law is a misdemeanor and punishable as at common law, that is, by fine or imprisonment, or both. G.S. 14-3. *State v. Powell,* 94 N.C. 920, 923-4.

The conditions imposed in the judgment of June 1956 are not unreasonable. The period of suspension is within legal limits. G.S. 15-200. The breach of condition that defendant be law abiding and of good behavior has been held a sufficient predicate for putting prison sentence into effect. *State v. Wilson, supra.*

The judgment of July 1960 recites that the court heard evidence "of the State and the defendant." The only evidence brought forward in the record is the minutes of the Recorder's Court of Mecklenburg County showing that in May 1960 defendant pleaded guilty to receiving stolen goods. Defendant objected to this evidence. The ground of objection does not appear in the record and does not clearly appear in the brief. The guilty plea is sufficient basis for a finding that the failure to be of good behavior was wilful. Rules of evidence are not so strictly enforced in a hearing by the judge as in a trial by jury.

The judgment below is
Affirmed.