STATE v. LUKE WHITE.

(Filed 2 June, 1965.)

**Criminal Law § 136—**

The fact that a criminal prosecution for possession of intoxicating liquor results in a verdict of not guilty upon the suppression of evidence obtained without a search warrant does not preclude the court from activating a prior sentence suspended on condition that defendant not have on his premises any quantity of intoxicating beverage and that he permit a search of his premises without a warrant.

APPEAL by defendant from *Mallard, J.,* Regular January, 1965 Session, ROBESON Superior Court.

*T. W. Bruton, Attorney General, Harry W. McGalliard, Deputy Attorney General for the State.*

*L. J. Britt & Son, Barrington & Britt for defendant appellant.*

PER CURIAM. At the October, 1963 Criminal Session, Robeson Superior Court, the defendant, Luke White, entered a plea of guilty to a charge of manufacturing liquor — his second offense. The court imposed a prison sentence of two years, suspended upon certain conditions to which the defendant consented, among them: "(3) That he not have on the premises occupied by him any quantity of intoxicating beverages or materials for manufacturing intoxicating beverages; (4) That he permit any lawful officer to search his premises without a search warrant."

At the January 3, 1965, Session the appellant was charged with the unlawful possession of nontaxpaid whisky and beer. The charge grew out of the discovery of the intoxicants on his premises. The defendant challenged the validity of the search warrant under which the officers

discovered the whisky and beer. The court held the warrant defective and suppressed the evidence which resulted in a verdict of not guilty.

After the trial, the Solicitor, in the manner provided by G.S. 15-200.1, gave notice of his motion to revoke the suspended sentence. After hearing, Judge Mallard entered judgment finding the defendant had breached the suspension order and he activated the prison sentence. The defendant excepted to the order upon the ground the evidence showing the violation was obtained by an illegal search. The defendant had agreed that he would not possess intoxicants on his premises and that the officer might search without a warrant to determine whether the order was obeyed. The defendant intentionally breached his agreement not to possess intoxicants. The court refused to permit him to welch on the agreement that the officers might search without a warrant. The evidence of the violation was discovered in accordance with the conditions of the judgment to which the defendant had agreed. The court's order finding a breach of the conditions of the suspended sentence and ordering the suspension revoked and the sentence activated is

Affirmed.