## STATE v. ROBERT LEE DUNCAN.

(Filed 3 May, 1967.)

**1. Criminal Law § 136—**

In this State, a defendant on probation or under a suspended sentence is entitled to notice and an opportunity to be heard before the sentence is activated.

**2. Same—**

Probation or suspension of sentence is an act of grace to one convicted of, or pleading guilty to, a crime, and in a proceeding to revoke probation or activate a suspended sentence the court is not bound by the strict rules of evidence, and the alleged violation of a valid condition of suspension need not be proven beyond a reasonable doubt, all that is required being that there be competent evidence reasonably sufficient to satisfy the judge, in the exercise of his sound judicial discretion, that the defendant had violated a valid condition of probation or suspension of sentence.

**3. Same—**

Where the record recites that defendant was present at a hearing by the court on the question of the revocation of probation for conditions broken, that the court had before it a verified report of the State probation officer stating in detail alleged violations by defendant of the conditions of probation, that the court made detailed findings of fact of violations of the conditions, and the record fails to show that defendant offered to testify or offered. any witnesses, or was denied opportunity to cross-examine witnesses of the State, the order revoking the probation will not be disturbed.

**4. Criminal Law §§ 151, 160—**

The record imports verity and the Supreme Court may judicially know only what appears of record, and when defendant does not include in the record any matter tending to support his ground of objection, he has failed to carry the burden of showing error and has failed to make irregularity manifest.

APPEAL by defendant from *McLaughlin, J.,* Resident Judge of the Twenty-second Judicial District of North Carolina, in Chambers, in the IREDELL County Courthouse.

At the November 1962 Session of Davidson County Superior Court, defendant pleaded guilty to the crime of a felonious breaking and entry, larceny, and receiving, as charged in an indictment, was sentenced to imprisonment for 12 months, and the said sentence of imprisonment was suspended, and defendant was placed on probation for a period of five years under the supervision of the North Carolina Probation Commission and its officers, subject to the provisions of the laws of this State and the rules and orders of said Commission and its officers with leave that the execution might be prayed at any time during the period of probation. As conditions of probation, *inter alia,* he was required to do the following things: (c) "Report to the Probation Officer as directed"; (3) "Work faithfully at suitable, gainful employment as far as possible . . ."; (f) "Remain within a specified area and shall not change place of residence without written consent of the Probation officer"; and (k) "Support his dependents; violate no penal law of any state or the Federal Government and be on general good behavior."

At the 24 October 1966 Session of Davidson County Superior Court, a duly authorized probation officer reported to the court that defendant has willfully violated the terms and conditions of the probation judgment passed upon him at the 13 November 1962 Session of Davidson County Superior Court, reporting in detail the alleged violations. Whereupon, Latham, Judge presiding, pursuant to the provisions of G.S. 15-200, ordered that a *capias instanter* be issued by the clerk of the court with his seal imprinted thereon for the above-named defendant, and that he be taken and returned to the court for a further hearing as to whether or not he has violated the terms and conditions of the probation judgment. The assistant clerk of the Superior Court of Davidson County on 25 October 1966 issued a *capias instanter* for defendant.

On 3 November 1966, Robert L. Greeson, a State probation officer, filed a written verified report stating the terms of the probation aforesaid, and further stating with particularity the alleged violations of the conditions of probation.

On 5 November 1966, McLaughlin, J., who is Resident Judge of the Twenty-second Judicial District (Davidson County is in the Twenty-second Judicial District), issued an order revoking probation. This order is summarized as follows: After reciting the plea of guilty of defendant to the crime of housebreaking, larceny, and receiving, and the sentence imposed, and after reciting that this matter came on to be heard and being heard, the judge found the following facts: Defendant has willfully violated the terms and conditions of the probation judgment in the following respects: (a) On 8 Jan-

uary 1966 defendant was fired from his place of employment at Thomasville Veneering Company for refusing to report to work on Saturday morning as he had stated he would for several weeks; on 23 August 1966 defendant was fired from Rex Plastics after having been caught sleeping in the back part of the building at a time when he was supposed to be working on the job. At the time he was fired defendant was able to work, and work was available to him. This constitutes a violation of the probation judgment that "he shall work faithfully at suitable and gainful employment as far as possible and save his earnings above a reasonable and necessary expense." (b) On 13 January 1965 defendant left his residence at 510 Field Street, Thomasville, North Carolina, and moved to High Point, North Carolina, without securing the written permission of the probation officer. This is a violation of the condition of probation that "he must remain in a specified area." (c) On 23 August 1966 defendant was instructed to report to the probation officer on 25 August 1966. Defendant did not make said report as he had been instructed to do. This is a violation of the condition of probation that "he shall report to the probation officer when instructed to do so." (d) On 25 September 1966 defendant left his residence at Route 3, Thomasville, North Carolina, and went to Ocala, Florida, without securing the permission of his probation officer. The probation officer received a letter from defendant postmarked 18 October 1966 from Ocala, Florida, in which he advised that he was employed and was going to report to the authorities in Ocala to obtain a transfer of his probation. The probation officer received a letter through Interstate Compact dated 21 October 1966 from Mr. Howell L. Winfree, District Supervisor for Probation and Parole in Florida. Mr. Winfree advised that defendant had reported to him and had requested help in obtaining a transfer to Florida. On 23 October 1966 defendant was taken into custody by the probation officer in the city of Thomasville, North Carolina, and escorted to the Thomasville police department, where a warrant signed by his wife was served on him for abandonment and nonsupport. Defendant was then placed in jail. Defendant stated he was in Thomasville for the purpose of getting his wife and child to take them to Florida. This is in violation of the condition of probation that "he shall remain within a specified area and shall not move." (e) When defendant was accepted for supervision by the Probation Department, he was instructed orally and in writing to make a written monthly report to his supervising probation officer not later than the first of each month. Defendant has not made a written report to his probation officer since the one made for the month of August, 1966. This is a

violation of the condition of probation which states that "he shall report to his probation officer when instructed to do so." (f) On 28 October 1966 defendant was convicted of the crime of abandonment and nonsupport in the Thomasville Recorder's Court, and was given a prayer for judgment continued until the results of the hearing on the report concerning violation of probation are learned and this information is made available to Judge Hughes.

Whereupon, Judge McLaughlin in his discretion ordered that defendant's probation be revoked and the sentence of imprisonment be put into immediate effect. Defendant appeals to the Supreme Court.

*Attorney General T. W. Bruton and Staff Attorney Theodore C. Brown, Jr., for the State.*

*Robert C. Hedrick for defendant appellant.*

PARKER, C.J. Defendant by an undated written note notified the clerk of the Superior Court of Davidson County that he wanted to appeal to the Supreme Court of North Carolina. The clerk of the Superior Court of Davidson County submitted the writing to Shaw, Judge presiding over the courts of Davidson County, who made his entries of appeal and appointed a lawyer for him to perfect his appeal to the Supreme Court.

Defendant assigns as error that Judge McLaughlin entered an order revoking his probation and activating the sentence of imprisonment, heretofore suspended, without hearing any competent evidence relating to the violations of the conditions of probation as set forth in the probation judgment entered 13 November 1962.

On 25 October 1966 the assistant clerk of the Superior Court of Davidson County issued a *capias instanter* directed to the sheriff commanding him to take the body of defendant and have him to answer to the charge of a violation of his probation. Before the probation was revoked and the sentence of imprisonment put into effect, the probation officer submitted a report to the court in writing, properly verified, stating the grounds upon which probation was prayed to be revoked, pursuant to G.S. 15-200.1. The order of Judge McLaughlin revoking probation and putting the sentence of imprisonment into immediate effect recites this at the beginning: "This cause coming on to be heard, and being heard. . . , the defendant being in court in person and being represented by counsel. . . ."

The courts of this Nation are in conflict on the question that a convicted defendant, released on probation, is entitled to notice and a hearing on the issue of whether he has broken the conditions of

probation, before the probation can be revoked. Annot. 29 A.L.R. 2d, p. 1079 *et seq.,* where the cases are assembled.

The courts of this State recognize the principle that a defendant on probation or a defendant under a suspended sentence, before any sentence of imprisonment is put into effect and activated, shall be given notice of the hearing and an opportunity to be heard. *S. v. Phillips,* 185 N.C. 614, 115 S.E. 893; *S. v. Smith,* 196 N.C. 438, 146 S.E. 73; *S. v. Pelley,* 221 N.C. 487, 20 S.E. 2d 850; *S. v. Love,* 236 N.C. 344, 72 S.E. 2d 737; *S. v. Davis,* 243 N.C. 754, 92 S.E. 2d 177; *S. v. Robinson,* 248 N.C. 282, 103 S.E. 2d 376; *S. v. Coffey,* 255 N.C. 293, 121 S.E. 2d 736; *S. v. Dawkins,* 262 N.C. 298, 136 S.E. 2d 632; *S. v. White,* 264 N.C. 600, 142 S.E. 2d 153.

Probation or suspension of sentence comes as an act of grace to one convicted of, or pleading guilty to, a crime. *Escoe v. Zerbst,* 295 U.S. 490, 79 L. Ed. 1566. A proceeding to revoke probation is not a criminal prosecution, and we have no statute requiring a formal trial. Upon a hearing of this character, the court is not bound by strict rules of evidence, and the alleged violation of a valid condition of probation need not be proven beyond a reasonable doubt. *S. v. Robinson, supra; S. v. Morton,* 252 N.C. 482, 114 S.E. 2d 115; *S. v. Brown,* 253 N.C. 195, 116 S.E. 2d 349; Supplement to 1 Strong's N. C. Index, Criminal Law, § 136.

In *S. v. Brown, supra,* the court held that in a hearing to determine whether defendant had violated the terms of a suspended sentence, the introduction in evidence of the minutes of a recorder's court to show that defendant had pleaded guilty to a criminal charge in that court will not be held prejudicial evidence, since rules of evidence are not so strictly enforced in a hearing by the judge as in a trial by jury. It has been generally held that a hearing of this character does not embrace the right to a trial by jury upon the issue of whether the terms of a suspended sentence or probation have been violated. Annot. 29 A.L.R. 2d 1109.

All that is required in a hearing of this character is that the evidence be such as to reasonably satisfy the judge in the exercise of his sound discretion that the defendant has violated a valid condition upon which the sentence was suspended. Judicial discretion implies conscientious judgment, not arbitrary or willful action. It takes account of the law and the particular circumstances of the case, and "is directed by the reason and conscience of the judge to a just result." *Langnes v. Green,* 282 U.S. 531, 541, 75 L. Ed. 520, 526; *S. v. Robinson, supra; S. v. Morton, supra; S. v. Brown, supra.*

Proceedings to revoke probation are often regarded as informal or summary. 21 Am. Jur. 2d, Criminal Law, § 568. What is said in *Shum v. Fogliani*, ...... Nev. ......, 413 P. 2d 495 (22 April 1966), is apposite, because with us probation or suspension of sentence is an act of grace and not of right:

"In the federal law, probation is a privilege granted by Congress. The source of the probationer's privilege is to be found in the Federal Probation Act. One convicted of crime is not given a right to probation by the federal constitution. *Burns v. United States*, 287 U.S. 216, 53 S. Ct. 154, 77 L. Ed. 266 (1932); *Escoe v. Zerbst*, 295 U.S. 490, 55 S. Ct. 818, 79 L. Ed. .1566 (1935); *Brown .v. Warden, U. S. Penitentiary, supra* [351 F. 2d 564 (7th Cir. 1965)]; *Welsh v. United States*, 348 F. 2d 885 (6th Cir. 1965); *United States v. Huggins*, 184 F. 2d 866 (7th Cir. 1950); *Gillespie v. Hunter*, 159 F. 2d 410 (10th Cir. 1947); *Bennett v. United States*, 158 F. 2d 412 (8th Cir. 1946). Accordingly, the rights of an offender in a proceeding to revoke his conditional liberty under probation or parole are not coextensive with the federal constitutional rights of one accused in a criminal prosecution. *Hyser v. Reed*, 115 U.S. App. D.C. 254, 318 F. 2d 225 (1963); *Richardson v. Markley*, 339 F. 2d 967 (7th Cir. 1965); *Brown v. Warden, U. S. Penitentiary, supra.*"

Judge McLaughlin had before him the verified report of the State Probation Officer Greeson stating in detail alleged violations of the conditions of probation by defendant. We hold that that was competent evidence. Judge McLaughlin in his order revoking probation stated that the cause was heard. The record shows affirmatively from Judge McLaughlin's detailed findings of fact that he heard the cause. Defendant's first assignment of error is overruled.

Defendant assigns as error that Judge McLaughlin "erred in denying the defendant an opportunity to cross-examine the witnesses for the State." This assignment of error is overruled. This assignment of error implies that witnesses testified for the State, though nowhere in the record does it appear that witnesses testified for the State, except that it appears that Judge McLaughlin had before him the verified report of the State Probation Officer Greeson. However that may be, nowhere in the record does it appear that the defendant asked to cross-examine any witnesses for the State, and particularly the State Probation Officer Greeson, and was refused. The record imports verity and the Supreme Court is bound thereby. The Supreme Court can judicially know only what appears of record.

There is a presumption in favor of regularity. Thus, where the matter complained of does not appear of record, appellant has failed to make irregularity manifest. 1 Strong's N. C. Index, Criminal Law, § 151. The record does not support defendant's assignment of error that he was denied an opportunity to cross-examine the witnesses for the State. The record does not show the defendant offered to testify and was refused, or offered any witnesses to testify, and the court refused to hear them. There is nothing in the record to support the contention that defendant was not given an opportunity to be heard.

When a sentence of imprisonment in a criminal case is suspended upon certain valid conditions expressed in the sentence, the prisoner has a right to rely upon such conditions, and so long as he complies therewith the suspension should stand. In such a case, defendant carries the **keys to his freedom** in his willingness to comply with the court's sentence. Defendant has not challenged any finding of fact of Judge McLaughlin. Defendant does not contend that any one of the conditions of probation is invalid. Judge McLaughlin's findings of fact are definite and clear. A careful review of the record shows that the findings of fact of the learned and conscientious judge were adequately supported by the verified report of the State probation officer and established that the defendant has willfully and without just cause violated the above specified conditions of probation. There is nothing to show that the judge abused his discretion. Judge McLaughlin's order revoking probation and placing the sentence of imprisonment into immediate effect is

Affirmed.