STATE v. WAYNE LAMARR YOUNG

No. 7022SC51

(Filed 25 February 1970)

**1. Criminal Law § 161— appeal — sufficiency of objections and exceptions**

The Court of Appeals ordinarily will not consider questions not properly presented by objections duly made and exceptions duly entered.

**2. Criminal Law § 161— appeal — sufficiency of exceptions — review of face of the record**

Exceptions which appear nowhere in the record except under the purported assignment of error will not be considered; nevertheless, the appeal itself will be considered as an exception to the judgment presenting the face of the record for review.

**3. Criminal Law § 143— revocation of probation — notice and hearing**

A convicted defendant released on probation is entitled to notice and a hearing on the issue of whether he has broken the conditions of probation before the probation can be revoked. G.S. 15-200.1.

**4. Criminal Law § 143— revocation of probation — probation report — admissibility**

In a hearing to revoke defendant's probation, the verified report of the probation officer stating in detail defendant's alleged violations of the conditions of probation is competent evidence.

APPEAL by defendant from *Seay, J.,* 18 August 1969 Mixed Session DAVIDSON Superior Court.

Two criminal cases against the defendant were consolidated for hearing. Both were appeals from orders revoking probation and ef-

fecting sentences of imprisonment. One was a 12-month sentence previously imposed in the Davidson County Court upon his plea of guilty to two counts of issuing worthless checks. The other was a 6-month sentence as a result of his plea of guilty to malicious damage to real property. The defendant appeared in person and was represented by counsel.

The record does not contain a transcript of the proceedings but recites that the court considered the probation officer's report stating the grounds upon which probation was prayed to be revoked and that the court questioned the defendant. The probation officer's report was verified. The trial judge made detailed findings of fact as to the manner in which defendant had violated the terms of his probation by failing to work at suitable employment, failing to remain within a specified area and violating the penal laws of the State.

An active sentence was put into effect in each case. Defendant later gave notice of appeal in the form of an undated written note. On 25 September 1969, May, J., presiding over the Superior Court of Davidson County, made entries of appeal for defendant and appointed counsel to perfect his appeal to this Court.

*Attorney General Robert Morgan by Staff Attorney L. Philip Covington for the State.*

*Walser, Brinkley, Walser and McGirt by Charles H. McGirt for the defendant appellant.*

VAUGHN, J.

[1, 2]    There are no exceptions in this record. The Court ordinarily will not consider questions not properly presented by objections duly made and exceptions duly entered. Exceptions which appear nowhere in the record except under the purported assignment of error will not be considered. Nevertheless, the appeal itself will be considered as an exception to the judgment presenting the face of the record for review. 1 Strong, N.C. Index 2d, Appeal and Error, § 24, p. 146.

[3, 4]    We have carefully reviewed the record and duly considered the brief filed by defendant's court-appointed attorney. In this State a convicted defendant, released on probation, is entitled to notice and a hearing on the issue of whether he has broken the conditions of probation, before the probation can be revoked. The record discloses that the defendant was duly served with notice as provided by G.S. 15-200.1. Each of Judge Seay's orders revoking probation

recited: "THIS CAUSE coming on to be heard, and being heard . . . the defendant being in court in person, and being represented by counsel, . . ." The judge had before him a verified report of the probation officer stating in detail alleged violations of the conditions of probation by defendant. The report was competent evidence. *State v. Duncan*, 270 N.C. 241, 154 S.E. 2d 53. The detailed findings of fact by the trial judge clearly support the judgment entered. We hold, therefore, that no error appears on the face of the record before us.

Affirmed.

MALLARD, C.J., and MORRIS, J., concur.