265 So.2d 202

**Donald L. BUCKELEW**

**v.**

**STATE.**

**8 Div. 144.**

Court of Criminal Appeals of Alabama.

May 30, 1972.

Barnett, Tingle & Noble, Birmingham, for appellant.

William J. Baxley, Atty. Gen., and J. Victor Price, Jr., Asst. Atty. Gen., for the State.

CATES, Judge.

Appeal from revocation of probation with reinstatement of a two year sentence.

Eleven assignments of error have been made in the bound copy of the record. In appellant's brief they are argued in bulk. All except the eleventh assignment complain of rulings of the trial court admitting hearsay testimony given by an under cover investigator, one Otten. The eleventh assignment is bad because no specified ruling of the trial judge is cited in the assignment.

Another witness, one Weir, gave virtually the same evidence as did Otten. However, the questions reserved as to Weir's testimony are not assigned as error.

Pretermitting whether or not such an anomaly is affected by the Harmless Error rule, we note that the transaction testified to by Otten and Weir was the basis of a Madison County conviction.

This conviction is also on appeal to this court. The judgment was for possession and sale of LSD. The judgment of the Madison Circuit Court has been affirmed this day, Buckelew v. State, 1972, 48 Ala. App. 411, 265 So.2d 195.

At the beginning of the hearing in the Marshall Circuit Court of the probation hearing we find the following colloquy:

"THE COURT: I want to make sure that you understand what the hearing is about. On January 7, 1966, you were sentenced to imprisonment in the penitentiary for two years upon an earlier plea of guilt that you had, the case charging you with burglary in the second degree. At that time, I placed you on probation for a period of five years. That five-year period of probation was extended on December 29, 1970, to July 14, 1971. What is called a delinquency report was filed by Mr. Morrow, your Probation Officer, against you causing this hearing to be held as to whether you have violated your probation. It was set earlier, on December 29, 1970; but because of the absence of some State witnesses, it was continued to this date. In substance, Mr. Morrow's report charges you with being delinquent with regard to your probation on two charges. Charge No. 1: On June 10, 1970, you sold or had possession of amphetamines;

and, Charge No. 2 is possession of LSD; that on July 7, 1970, you gave or sold to an officer of the Huntsville Police Department, Edward Otten, LSD. You were indicted on that charge by the Madison County Grand Jury, and *on November 5, 1970, you were tried and found guilty of the possession, sale, and distribution of LSD and sentenced to fifteen years,* that case *being on appeal at this time.* Those are the charges against you charging you with violation of your probation. Do you understand what you are charged with?

"THE DEFENDANT: Yes, sir." —italics added.

In Ex-parte Alabama State Bar, 285 Ala. 191, 230 So.2d 519, our senior tribunal opined per McCall, J., as follows:

" * * * While the appeal suspends the execution of the sentence of the criminal court pending appeal, Rule 38(a) (2) Federal Rules of Criminal Procedure, Tit. 18, U.S.C.A., Tit. 15, § 372, Code of Alabama, 1940, Recompiled 1958, the matter of the conviction remains and continues to exist. In re Kirby, D.C., 84 F. 606."

 We consider the above colloquy shows a concession by the defendant that he had been convicted. Moreover, the probation officer's report was rebuttable proof thereof. In Dixon v. State, 42 Ala.App. 341, 164 So.2d 509, the former Court of Appeals wrote:

"After a Federal conviction is shown by an exemplified copy of the judgment or by testimony of the defendant (Wright v. State, 38 Ala.App. 64, 79 So.2d 66), the burden of persuasion shifts to the convict."

Also we quote from Martin v. State, 46 Ala.App. 310, 241 So.2d 339:

"The conduct of the hearing need not be formal nor bound by the rules of evidence usual for jury trials. Thus, when the probation officer files his report of a violation it can serve as both pleading and proof [2] to support a prima facie case for revocation. The initial burden of persuasion has been met and the prisoner must then counter it if he can.

"As was said in State v. Duncan, 270 N.C. 241, 154 S.E.2d 53:

'Probation or suspension of sentence comes as an act of grace to one convicted of, or pleading guilty to, a crime. Escoe v. Zerbst, 295 U.S. 490, 55 S.Ct. 818, 79 L.Ed. 1566. A proceeding to revoke probation is not a criminal prosecution, and we have no statute requiring a formal trial. Upon a hearing of this character, the court is not bound by strict rules of evidence, and the alleged violation of a valid condition of probation need not be proven beyond a reasonable doubt. * * *

'In State v. Brown, supra, 253 N.C. 195, 116 S.E.2d 349, the court held that in a hearing to determine whether defendant had violated the terms of a suspended sentence, the introduction in evidence of the minutes of a recorder's court to show that defendant had pleaded guilty to a criminal charge in that court will not be held prejudicial evidence, since rules of evidence are not so strictly enforced in a hearing by the judge as in a trial by jury. It has been generally held that a hearing of this character does not embrace the right to a trial by jury upon the issue of whether the terms of a suspended sentence or probation have been violated. Annot. 29 A.L.R.2d 1109.

'All that is required in a hearing of this character is that the evidence be such as to reasonably satisfy the judge in the exercise of his sound discretion that the defendant has violated a valid condition upon which the sentence was suspended. Judicial discretion implies conscientious judgment, not arbitrary or willful action. It takes account of the law and the particular circumstances of the case, and is "directed

by the reason and conscience of the judge to a just result." * * *

* * * * * *

'Judge McLaughlin had before him the verified report of the State Probation Officer Greeson stating in detail alleged violations of the conditions of probation by defendant. We hold that that was competent evidence. Judge McLaughlin in his order revoking probation stated that the cause was heard. * * *."

Footnote 2 in the above text reads as follows:

"In McNeely v. State, Fla.App., 186 So.2d 520, the court says:

'The appellant complains of hearsay evidence. The revocation will stand even though hearsay has been introduced provided there is other evidence on which the trial judge can base his decision.

* * * * * *

'The potential danger in approving an informal-summary type hearing is great. However, the entire probation process is a privilege and those to whom the arms of mercy have been extended should indeed conduct themselves accordingly. As stated, the purpose is to determine if good behavior has been tainted by bad conduct. It is true that the probation conditions are often broad and can easily be broken but it is only by grace that freedom is enjoyed in the first place. There is no doubt that the review power may be abused by a trial judge. But as stated in Cloud v. Fallis, Fla.App. 1958, 107 So.2d 264, which quoted from Schultz v. Pacific Insurance Co., 1872, 14 Fla. 73:

' " * * * It is much better however, that exceptional cases of its improper exercise should be endured than that the security which it affords should be withdrawn. * * *"

'In summary, a probation revocation hearing is not required to meet the standards of a full scale criminal trial by having a separate hearing for an arraignment; the inquiry may be on an informal basis; the trial judge has broad judicial discretion to determine whether conditions of probation have been violated; and the trial court does not have to observe the strict rules of evidence.' "

■ The trial judge was, under Code 1940, T. 42, § 24, confronted not only with the issue of revocation vel non but also under the first sentence of that section whether to continue, extend or terminate the period of probation.

■ Thus, while a probation hearing cannot entertain a collateral attack on a judgment of another circuit, yet at such hearing the judge may in the name of mitigation hear testimony as to what led to the other conviction.

We find no error. The judgment below is

Affirmed.

All the Judges concur.