STATE OF NORTH CAROLINA v. REMPSON DUFFEY

No. 7429SC645

(Filed 6 November 1974)

Criminal Law § 143— revocation of suspended sentence — possession of alcoholic beverages

> Evidence that alcoholic beverages were found on defendant's premises on two occasions, one of which was uncontested, was sufficient to support a finding that defendant wilfully and without lawful excuse violated a condition of his suspended sentence that he not possess any liquor or beer.

APPEAL by defendant from *Martin (Robert M.), Special Judge,* 18 March 1974 Session of RUTHERFORD Superior Court. Heard in the Court of Appeals 14 October 1974.

Defendant was charged in a warrant dated 26 December 1971 with unlawfully and wilfully possessing spirituous liquors for the purpose of sale. He was tried and found guilty in district court and was sentenced in a judgment dated 21 January 1972 to six months in Rutherford County jail. This sentence was suspended for three years on the condition, *inter alia,* that he "not possess, transport or sell any liquor or beer."

Thereafter, on 26 February 1972, pursuant to a valid search of the defendant's house, a small quantity of beer and liquor was found. Notice was served on the defendant under G.S. 15-200.1 to the effect that revocation of his suspended sentence would be sought at the 3 March 1972 session of district court. The defendant did not appear for hearing at the time specified and nothing was done.

On 27 October 1973, a search warrant was issued on probable cause to believe that the defendant again had in his possession beer and liquor for the purpose of sale. A large quantity

of beer and wine was found whereupon a capias instanter was issued for the defendant's arrest. Notice was served and a hearing was held after which judgment was entered on 14 November 1973 revoking the suspension and placing the sentence into effect. The district court judge found that "the defendant wilfully allowed into his possession beer as specified in the proceedings . . . . "

The defendant appealed to superior court. After a hearing on 18 March 1974, the superior court ordered the suspended sentence into effect and found that the defendant had possessed alcoholic beverages in violation of the conditions of his suspended sentence and that said violation was without lawful excuse.

The evidence for the State showed that Sheriff Blane Yelton, pursuant to a search warrant, had found a large quantity of alcoholic beverages in the basement of the defendant's house on the morning of 27 October 1973. The defendant claimed that it was not his and that his nephew had had a party there that night. The sheriff had watched the house that night and had observed a tremendous amount of traffic going to and from the residence carrying paper bags. The sheriff also observed an elaborate bar in the basement of defendant's house.

The defendant and his nephew testified that there had been a party in the basement for the nephew's friends, that the defendant had never come downstairs during the party and that the beer, etc. was not the defendant's. All the nephew's friends came into the house through a basement door.

From the order of the superior court revoking the suspension and placing the suspended sentence into effect, the defendant appealed.

*Attorney General James H. Carson, Jr., by Associate Attorney James Wallace, Jr., for the State.*

*Hamrick and Hamrick by J. Nat Hamrick for the defendant appellant.*

CAMPBELL, Judge.

The defendant contends that the beer and wine found in his basement was not his but his nephew's, and that it was, therefore, not in his "possession" as contemplated by the probation condition. The defendant alternatively contends that if

the alcoholic beverages were in his "possession," he had a lawful excuse for it being there.

> "Probation or suspension of sentence comes as an act of grace to one convicted of . . . a crime. . . .
>
> \*    \*    \*    \*
>
> All that is required in a hearing of this character is that the evidence be such as to reasonably satisfy the judge in the exercise of his sound discretion that the defendant has violated a valid condition upon which the sentence was suspended." *State v. Duncan,* 270 N.C. 241, 245, 154 S.E. 2d 53, 57 (1967).

There was evidence in the record that alcoholic beverages had been found in the defendant's residence on more than just the occasion of the nephew's alleged party. On another occasion, alcoholic beverages were found whereupon the defendant was served with notice to appear in court. He failed to appear. Furthermore, he did not attempt in the present proceedings to answer the prior charge.

The evidence that alcoholic beverages were found on the defendant's premises on two occasions, one of which was uncontested, was sufficient to support a finding that the defendant had wilfully violated a condition of his suspended sentence and that such violation was without lawful excuse. The revocation of the defendant's suspended sentence was without error.

No error.

Judges BRITT and VAUGHN concur.