STATE OF NORTH CAROLINA,
v.
NATHANIEL FONVILLE.
No. COA09-195.
Court of Appeals of North Carolina.
Filed: September 1, 2009.
This case not for publication
Attorney General Roy Cooper, by Assistant Attorney General Durwin P. Jones, for the State.
John T. Hall for defendant-appellant.
ELMORE, Judge.
Defendant Nathaniel Fonville appeals from judgment entered upon revocation of probation. For the following reasons, we affirm.
On 25 January 2007, defendant pled guilty to the sale of cocaine and felony possession of cocaine. The trial court sentenced defendant to thirteen to sixteen months imprisonment, suspended the sentence, and placed defendant on thirty-six months supervised probation.
In November of 2008, defendant's probation officer filed a probation violation report, alleging that defendant had willfully violated his probation by: (1) testing positive for marijuana on two occasions; (2) failing to report to his probation officer on three occasions; (3) failing to pay his monetary obligation; (4) failing to pay his supervision fee; (5) failing to obtain his G.E.D.; and (6) being discharged from TASC due to non-compliance.
Judge Charles H. Henry held a probation violation hearing on 1 December 2008. Defendant, through counsel, admitted to having violated all six conditions of probation. After hearing arguments of counsel, Judge Henry found that the violations were "wilful and without valid excuse." The trial court revoked defendant's probation and activated his original sentence. Defendant appeals.
Defendant first contends the trial court committed plain error in revoking his probation because he received "inadequate notice of the alleged violation." Plain error review applies only to challenges of jury instructions and to evidentiary matters. State v. Wiley, 355 N.C. 592, 615, 565 S.E.2d 22, 39-40 (2002), cert. denied, 537 U.S. 1117, 154 L. Ed. 2d 795 (2003); State v. Cummings, 352 N.C. 600, 613, 536 S.E.2d 36, 47 (2000), cert. denied, 532 U.S. 997, 149 L. Ed. 2d 641 (2001). Defendant has not asserted error to either jury instructions or evidentiary matters as a basis for plain error review. Further, defendant's argument is without merit, as defendant concedes that he "appeared in court on the date finally set for the hearing." This assignment of error is overruled.
Defendant next contends the trial court committed plain error by revoking his probation and activating his suspended sentence because the court lacked personal jurisdiction over him. Again, defendant has not asserted error to either jury instructions or evidentiary matters as a basis for plain error review. Defendant also fails to cite any authority to support his argument. Further, even if the issue were properly before us, defendant's argument is without merit. The trial court held a probation violation hearing, defendant appeared at the hearing, and defendant admitted the violations contained in his probation violation report. This assignment of error is overruled.
Defendant also contends the trial court abused its discretion in revoking defendant's probation and activating his suspended sentence. We disagree.
It is well settled that "`probation or suspension of sentence comes as an act of grace to one convicted of, or pleading guilty to, a crime.'" State v. Tennant, 141 N.C. App. 524, 526, 540 S.E.2d 807, 808 (2000) (quoting State v. Duncan, 270 N.C. 241, 245, 154 S.E.2d 53, 57 (1967)). In order to revoke a defendant's probation, the evidence need only "reasonably satisfy the [trial court] in the exercise of [its] sound discretion that the defendant has willfully violated a valid condition of probation or that the defendant has violated without lawful excuse a valid condition upon which the sentence was suspended." State v. Hewett, 270 N.C. 348, 353, 154 S.E.2d 476, 480 (1967). The breach of any one condition of probation is sufficient grounds to revoke a defendant's probation. State v. Seay, 59 N.C. App. 667, 670-71, 298 S.E.2d 53, 55 (1982). A verified probation violation report is competent evidence that a violation occurred. State v. Duncan, 270 N.C. 241, 246, 154 S.E.2d 53, 58 (1967). A defendant has the burden of presenting competent evidence demonstrating an inability to comply with the terms of probation. State v. Tozzi, 84 N.C. App. 517, 521, 353 S.E.2d 250, 253 (1987). "[E]vidence of [a] defendant's failure to comply may justify a finding that [a] defendant's failure to comply was wilful or without lawful excuse." Id. A trial court's judgment revoking a defendant's probation will only be disturbed upon a showing of a manifest abuse of discretion. State v. Guffey, 253 N.C. 43, 45, 116 S.E.2d 148, 150 (1960).
Here, defendant admitted the six violations. Although defendant informed the trial court that he did not comply with the monetary conditions of his probation because he was supporting his mother and brother and lost his job after he got sick, defendant offered no excuse for violating the condition that he not use any illegal drug. Defendant's admission, without offering any evidence to justify testing positive for marijuana on two occasions, was sufficient within itself to sustain the trial court's finding that his failure to comply was without lawful excuse. See State v. Alston, 139 N.C. App. 787, 794-95, 534 S.E.2d 666, 671 (2000). We conclude that it was not unreasonable for the court to determine that defendant violated at least one valid condition of his probation, testing positive for drugs. Because a breach of any one condition of probation is sufficient grounds to revoke a defendant's probation, we do not address defendant's remaining argument that the trial court erred in finding he violated his probation by not paying his restitution. Accordingly, the trial court properly revoked defendant's probation and activated his sentence. The trial court's judgment is affirmed.
Affirmed.
Chief Judge MARTIN and Judge BRYANT concur.
Report per Rule 30(e).