State v. Allen

STATE OF NORTH CAROLINA v. CHARLES THOMAS ALLEN, JR.

No. 7913SC340

(Filed 4 September 1979)

1. Assault and Battery § 14— sufficiency of evidence of assault

The State's evidence was sufficient for the jury in an assault case where it tended to show that defendant engaged in an altercation with a person to whom the prosecutrix was talking, and that defendant subsequently grabbed the prosecutrix by the head and hair and threw her against a truck, causing her to strike her head against the vehicle and fall to the ground.

2. Assault and Battery § 18— simple assault—fine and jail sentence—excessive punishment

A judgment imposing a sentence of 30 days in jail for simple assault and suspending the sentence on condition that defendant pay a fine of $50.00 exceeded the limits of G.S. 14-33(a) since that statute provides for punishment by a fine not to exceed $50.00 *or* imprisonment for not more than 30 days, and the imposition of both a fine and a jail sentence exceeds the limits of that statute.

Judge VAUGHN concurring.

APPEAL by defendant from *Clark, Judge.* Judgment entered 12 January 1979 in Superior Court, COLUMBUS County. Heard in the Court of Appeals on 21 August 1979.

Defendant was charged in a warrant with assaulting Christy Thompson. From a verdict finding him guilty of "simple assault" and a judgment imposing a jail sentence of thirty days which was suspended on condition that "(1) he be [of] good behavior and violate no laws of the state of North Carolina during the suspension of said sentence; (2) he pay a fine of $50.00 and costs of court; (3) he not assault, molest, harass or in any way interfer [sic] with Christy Thompson or any member of her family during the period of suspension," defendant appealed.

*Attorney General Edmisten, by Assistant Attorney General Daniel F. McLawhorn, for the State.*

*Marvin J. Tedder for defendant appellant.*

HEDRICK, Judge.

[1] Defendant assigns as error the denial of his motion for judgment as of nonsuit. The evidence, when considered in the light most favorable to the State, tends to show the following:

The defendant and Christy Thompson had known one another for approximately five years. On 31 October 1978, at approximately 10:00 p.m. Christy Thompson was at the Columbus County Courthouse parking lot, and was talking to David Knowles and Lisa Walker. The defendant arrived at the parking lot, walked over to where these three were standing, and became involved in an altercation with David Knowles. Subsequently, the defendant grabbed Christy Thompson by her head and hair and threw her up against a truck, causing her to strike her head against the vehicle and fall to the ground.

The defendant presented evidence tending to show that on 31 October 1978 he was fighting with David Knowles in the parking lot when someone grabbed his arm from behind, that he later discovered that the person who had grabbed his arm was Christy Thompson, that he never walked over and grabbed or touched Christy Thompson that night, and that he did not intend to hurt Christy Thompson.

The evidence is sufficient to require submission of the case to the jury and to support the verdict.

The defendant's remaining assignments of error merit no discussion.

[2] We note that the judgment in the present case is not within the limits of G.S. § 14-33(a), which provides in pertinent part: "Any person who commits a simple assault . . . is guilty of a misdemeanor punishable by a fine not to exceed fifty dollars ($50.00) *or* imprisonment for not more than thirty (30) days." [Emphasis added.] Where the penalty for violation of a criminal statute provides for both the imposition of a fine *and* imprisonment, it is not error for a judgment to include as a condition of suspension of a sentence the payment of a fine within the statutory lim-

its. *State v. Brown*, 253 N.C. 195, 116 S.E. 2d 349 (1960); *State v. Calcutt*, 219 N.C. 545, 15 S.E. 2d 9 (1941); *State v. Wilson*, 216 N.C. 130, 4 S.E. 2d 440 (1939). However, where the penalty for violation of a criminal statute is phrased in the disjunctive, as here, the imposition of a fine in addition to a jail sentence, exceeds the limitations of the statute, and the judgment is improper. *State v. Taylor*, 124 N.C. 803, 32 S.E. 548 (1899) (per curiam). The judgment in the present case must be vacated and the cause remanded to the superior court for the entry of a proper judgment.

The result is: In the defendant's trial we find no error. Vacated and remanded for entry of a proper judgment.

Vacated and remanded.

Judges VAUGHN and ARNOLD concur.

Judge VAUGHN concurring:

I concur in that part of the opinion which finds no error in the trial. I do not agree, however, that the sentence was excessive.