STATE OF NORTH CAROLINA v. MONICA YVETTE TERRY

No. COA01-641

(Filed 19 March 2002)

**1. Probation and Parole— revocation hearing—opportunity to cross-examine**

     The trial court did not err in a probation revocation proceeding by not giving defendant the opportunity to cross-examine a professor who had told defendant's probation officer that defendant did not have a mandatory Saturday class where defendant had testified under oath that she had a mandatory Saturday class which interfered with her weekend sentence. Evidence that defendant did not report to the detention center on four occasions and that her stated reason for not reporting was unfounded

was sufficient to satisfy the State's burden. The communication with defendant's professor served merely to confirm what had already been presented, and defendant did not at any time request that the professor be subpoenaed. Moreover, defendant admitted to having been untruthful about having a mandatory Saturday class.

**2. Contempt— criminal—untruthfulness during hearing— opportunity to be heard**

The trial court did not err by summarily punishing defendant for direct criminal contempt during a probation revocation proceeding where defendant recanted her testimony and does not dispute that she had not been truthful. Defendant's conduct took place in the trial court's presence, she had ample opportunity to present the trial court with reasons for not being found in contempt, and her conduct was punished promptly. N.C.G.S. § 5A-14.

Appeal by defendant from order and judgment entered 9 February 2001 by Judge Michael E. Helms in Forsyth County Superior Court. Heard in the Court of Appeals 13 February 2002.

*Attorney General Roy Cooper, by Special Deputy Attorney General Isaac T. Avery, III and Assistant Attorney General Patricia A. Duffy, for the State.*

*Robert W. Ewing for defendant-appellant.*

WALKER, Judge.

Defendant appeals from an order finding her in direct criminal contempt and from a judgment revoking her probation. The relevant facts are as follows: On 12 December 2000, defendant pled guilty to driving while impaired and driving with a revoked license for which she received a minimum sentence of two years. The trial court suspended the sentence and placed defendant on intensive supervised probation for a period of thirty-six months. As a condition of her probation, defendant was required to serve thirty consecutive weekends in the Forsyth County Detention Center (detention center) beginning 15 December 2000. Defendant was to voluntarily report to the detention center by 6:00 p.m. on Friday and was to remain in custody until 6:00 p.m. on Sunday.

On 22 January 2001, defendant filed a motion for appropriate relief requesting that the trial court modify the conditions of her pro-

bation. In her motion, defendant alleged she was a graduate student and had a "mandatory class" which met on Saturdays from 10:00 a.m. until 1:00 p.m. Defendant further stated that if she missed one of these classes, she would not be permitted to graduate in May. She requested that her probation be modified by allowing her to report to the detention center on Saturday evenings or by starting her active weekend sentence following her graduation.

In the meantime, defendant had been attending her Saturday class rather than reporting to the detention center. Consequently, upon determining that she did not have a mandatory Saturday class, defendant's probation officer filed a report alleging she had violated the conditions of her probation.

On 9 February 2001, the trial court heard defendant's motion and received evidence as to her probation violation. During the hearing, defendant's probation officer testified that, in January of 2000, officials at the detention center informed him that she had failed to report for four separate weekends beginning 29 December 2000 and continuing through 26 January 2001. When he discussed the matter with defendant, she told him that she was unable to report due to her mandatory class. However, following this discussion, the probation officer contacted defendant's graduate professor who informed him that defendant did not have a mandatory Saturday class. The professor further informed him that Saturday classes were by appointment only and that defendant had never been required to attend classes or meetings on Saturdays.

Following this testimony, defendant, while under oath, testified that she had a mandatory Saturday class which had interfered with her ability to serve her weekend sentence. She also provided the trial court with a class syllabus which stated that she had "[m]andatory lab meetings every Saturday from 10:00 a.m.-1:00 p.m." She further stated that her professor had just recently changed the Saturday class from "mandatory" to "by appointment" and presented a second class syllabus which reflected this change. The trial court then inquired of defendant whether she had a letter from her professor supporting her allegations. Defendant replied that she did not have a letter; however, she indicated that the professor's telephone number appeared on the second class syllabus.

The trial court instructed the probation officer to contact the professor who confirmed that defendant had never been required to attend Saturday classes and that such classes were by appointment

only. Nevertheless, defendant continued to insist that she had a mandatory class on Saturday which prevented her from reporting to the detention center. Only after the trial court admonished defendant for being untruthful did she admit that her Saturday class was not mandatory.

The trial court then denied defendant's motion, adjudged her to be in violation of the terms of her probation, and ordered her to serve the two-year sentence. The trial court also found that she had committed perjury, amounting to direct criminal contempt, and ordered that she be held in custody for a period not to exceed thirty days.

**[1]** Defendant first contends the trial court erred in failing to provide her with an opportunity to cross-examine her professor. She maintains that since the professor had provided damaging information regarding a crucial element of her case, she had a constitutional and statutory right to cross-examine him as an adverse witness.

In support of her contention, defendant cites *Gagnon v. Scarpelli* in which the United States Supreme Court held that due process entitles a defendant involved in a probation revocation hearing to confront and cross-examine adverse witnesses, unless the trial court finds good cause for not allowing confrontation. *Gagnon v. Scarpelli*, 411 U.S. 778, 36 L. Ed. 2d 656 (1973). Defendant also cites N.C. Gen. Stat. § 15A-1345(e), which states in pertinent part:

> At the [probation revocation] hearing, evidence against the probationer must be disclosed to him, and the probationer may appear and speak in his own behalf, may present relevant information and may confront and cross-examine adverse witnesses unless the court finds good cause for not allowing confrontation.

N.C. Gen. Stat. § 15A-1345(e) (1999).

However, defendant's contention fails to consider the nature of a probation revocation hearing and the requisite burdens of proof. Our appellate courts have consistently held that proceedings to revoke probation are informal in nature such that the trial court is not bound by the strict rules of evidence. *State v. Duncan*, 270 N.C. 241, 154 S.E.2d 53 (1967); *State v. Young*, 21 N.C. App. 316, 204 S.E.2d 185 (1974); *State v. Tennant*, 141 N.C. App. 524, 540 S.E.2d 807 (2000). Additionally, once the State has presented competent evidence establishing a defendant's failure to comply with the terms of probation, the burden is on the defendant to demonstrate through competent

evidence an inability to comply with the terms. *State v. Crouch*, 74 N.C. App. 565, 567, 328 S.E.2d 833, 835 (1985). If the trial court is then reasonably satisfied that the defendant has violated a condition upon which a prior sentence was suspended, it may within its sound discretion revoke the probation. *State v. Seay*, 59 N.C. App. 667, 298 S.E.2d 53 (1982), *disc. rev. denied*, 307 N.C. 701, 301 S.E.2d 394 (1983) (citations omitted).

Here, through the testimony of defendant's probation officer, the State presented competent evidence establishing that defendant had failed to report to the detention center on four separate occasions and that her stated reason for failing to report (i.e. a mandatory Saturday class) was unfounded. This evidence alone was sufficient to satisfy the State's burden of showing that defendant had violated an important condition of her probation. Only after defendant insisted that she had a mandatory class and presented the trial court with a class syllabus did the trial court contact her professor. Thus, the communication with defendant's professor served merely to confirm what had already been presented to the trial court through competent evidence. Defendant did not at any stage in the proceedings request that her professor be subpoenaed nor did she suggest that he had any information other than what he had reported to the probation officer.

Moreover, the fact that defendant admitted to having been untruthful about having a mandatory Saturday class renders meritless her contention that she had a right to cross-examine her professor as any error the trial court may have committed was harmless. *See Delaware v. Van Arsdall*, 475 U.S. 673, 682, 89 L. Ed. 2d 674, 685 (1986) ("the denial of the opportunity to cross-examine an adverse witness does not fit within the limited category of constitutional errors that are deemed prejudicial in every case"); *see also State v. Autry*, 321 N.C. 392, 403, 364 S.E.2d 341, 348 (1988) (holding overwhelming evidence of a defendant's guilt may render constitutional error harmless).

After a careful review of the record, we conclude the trial court properly applied the statutory requirements by apprising defendant of the evidence against her, permitting her to present relevant information, and offering her the opportunity to cross-examine the probation officer. Accordingly, we conclude defendant was not denied her constitutional and statutory rights and overrule this assignment of error.

[2] Defendant next contends the trial court erred when it summarily punished her for direct criminal contempt. Specifically, defendant

maintains the trial court failed to provide defendant with notice and an opportunity to respond to its charge that she had committed perjury.

Pursuant to N.C. Gen. Stat. § 5A-14(a):

> The presiding judicial official may summarily impose measures in response to direct criminal contempt when necessary to restore order or maintain the dignity and authority of the court and when the measures are imposed substantially contemporaneously with the contempt.

N.C. Gen. Stat. § 5A-14(a) (1999). However,

> Before imposing measures under this section, the judicial official must give the person charged with contempt summary notice of the charges and a summary opportunity to respond and must find facts supporting the summary imposition of measures in response to contempt. The facts must be established beyond a reasonable doubt.

N.C. Gen. Stat. § 5A-14(b) (1999). The Official Commentary to the statute notes that it:

> was intended not to provide for a hearing, or anything approaching that, in summary contempt proceedings, but merely to assure that the alleged contemnor *had an opportunity to point out instances of gross mistake about who committed the contemptuous act or matters of that sort.*

N.C. Gen. Stat. § 5A-14 (Official Commentary 1999) (emphasis added).

This Court has previously held that "[n]otice and a formal hearing are not required when the trial court promptly punishes acts of contempt in its presence." *In re Owens*, 128 N.C. App. 577, 581, 496 S.E.2d 592, 595, *aff'd*, 350 N.C. 656, 517 S.E.2d 605 (1998). In *Owens*, a television news reporter had been subpoenaed to testify regarding information she had obtained during a criminal investigation. On direct examination, the reporter refused to answer questions, asserting a qualified privilege under state and federal constitutions. The trial court directed the reporter to answer the questions and warned her that if she did not, she would be held in contempt. When the reporter again refused to answer any questions, the trial court summarily found her in contempt and sentenced her to thirty days in custody. *Id.* at 579-80, 496 S.E.2d at 593-94. Citing the Official

Commentary to N.C. Gen. Stat. § 5A-14, we noted that the "requirements of the statute are meant to ensure that the individual has an opportunity to present reasons not to impose a sanction." *Id.* at 581, 496 S.E.2d at 594. We then concluded that the reporter had such an opportunity and affirmed the finding of contempt.

Similar to *Owens*, defendant's contemptuous conduct took place in the trial court's presence and was promptly punished. Likewise, defendant was provided ample opportunity to present the trial court with reasons why she should not be found in contempt. The record clearly shows that, after taking an oath to give truthful testimony, defendant testified that she had a mandatory Saturday class. When confronted, defendant recanted this testimony. She does not dispute that she had been untruthful to the trial court and that this conduct amounts to direct criminal contempt. Therefore, we conclude the trial court did not err when it summarily punished defendant for conduct amounting to direct criminal contempt.

Affirmed.

Judges HUNTER and BRYANT concur.