LEVINSON, Judge.
Defendant (Albert Bacon) appeals from a superior court judgment revoking his probation and activating his sentence of imprisonment. We affirm.
On 21 March 2002, defendant pled guilty to taking indecent liberties with a child, and received a sentence of 16 to 20 months imprisonment. This sentence was suspended and defendant was placed on supervised probation for a period of sixty months. As a special condition of his probation, defendant was ordered to "comply with all requirement[s] of the Sex Offenders Control Program." On 12 January 2004, defendant's probation officer submitted a violation report alleging that defendant had violated his probation by failing to "comply with all[ ]programs, including . . . polygraph examinations, to be used as a tool in conjunction with the treatment developed by the treatment provider."
At the hearing on the probation violation, the State presented three reports for polygraph examinations of defendant. The report for an examination conducted 20 February 2003 stated that "[defendant] coughed throughout the examination. . . ." The report for an examination conducted 30 October 2003 included the following notation:
Throughout the course of [defendant's] polygraph examination, there were indications that he engaged in purposeful acts of non-cooperation in an effort to distort the test responses. Specifically, [defendant] took deep breaths and also held his breath during testing although he was told on several occasions by the examiner not to do so.
The report for an examination conducted 22 December 2003 indicates that a breath cycle analysis revealed that defendant tried to control his breathing to undermine the effectiveness of the polygraph examination. All three polygraph examinations produced inconclusive results. Due to his failure to cooperate with the test administrators, defendant was removed from the sexual abuse treatment program in which he was enrolled as required by the terms of his probation.
During the probation revocation hearing, defense counsel objected to any evidence concerning the polygraph tests, including the results of the test and whether defendant had cooperated in the administration of the examination. The trial court ruled that it would consider whether or not defendant complied with the instructions given by the polygraph examiners, but that it would "not consider[] the results or inconclusive nature of the [tests]."
Following the hearing, the trial court made this ruling from the bench:
[O]n October 20th, 2003, . . . the polygraph examiner . . . instructed the defendant not to hold his breath and not to take deep breaths during the examination. . . . On that occasion, in spite of the polygraph examiner's instructions, the defendant took deep breaths and held his breath during the testing. [T]he Court is not considering evidence of defendant coughing during the exam which occurred on . . . February 20th, 2003. The Court is not considering the breath cycle discussed . . . in [the] report of the polygraph exam conducted on December 22nd. . . . The Court finds, however, that the defendant's failure to follow the examiner's instructions not to hold his breath and not to take deep breaths is a willful violation of probation and the Court is satisfied beyond a reasonable doubt that the defendant willfully violated the instruction by the polygraph officer in pursuance of the tool used . . . in the furtherance of the Sexual Offender Control Program.
The trial court entered a judgment revoking defendant's probation and requiring him to serve the term of imprisonment imposed for taking indecent liberties with a child.
Defendant now appeals, contending that the trial court abused its discretion in revoking his probation because (1) there is no evidence in the record that defendant received written notice of his probationary conditions, and (2) the decision to revoke defendant's probation was impermissibly based upon evidence related to a polygraph examination.
The following principles govern our review of the trial court's revocation of defendant's probation: Because probation is "an act of grace by the State to one convicted of a crime[,] . . . a proceeding to revoke probation is not bound by strict rules of evidence and an alleged violation of a probationary condition need not be proven beyond a reasonable doubt." State v. Hill, 132 N.C. App. 209, 211, 510 S.E.2d 413, 414 (1999) (citation and internal quotation marks omitted). "All that is required is that the evidence be sufficient to reasonably satisfy the judge in the exercise of his sound discretion that the defendant has willfully violated a valid condition of probation." State v. White, 129 N.C. App. 52, 58, 496 S.E.2d 842, 846 (1998). "[O]nce the State has presented competent evidence establishing a defendant's failure to comply with the terms of probation, the burden is on the defendant to demonstrate through competent evidence an inability to comply with the terms." State v. Terry, 149 N.C. App. 434, 437-38, 562 S.E.2d 537, 540 (2002). "If the trial court is then reasonably satisfied that the defendant has violated a condition upon which a prior sentence was suspended, it may within its sound discretion revoke the probation." Id. at 438, 562 S.E.2d at 540. This Court has long held that "[a]ny violation of a valid condition of probation is sufficient to revoke [a] defendant's probation." State v. Tozzi, 84 N.C. App. 517, 521, 353 S.E.2d 250, 253 (1987).
With these principles in mind, we first address defendant's argument that the trial court abused its discretion by revoking his probation because there is no evidence in the record that defendant received written notice of the terms of his probation. We conclude that defendant has not preserved this issue for appellate review. "[T]o preserve a question for appellate review, a [defendant] must have presented to the trial court a timely request, objection or motion, stating the specific grounds for the ruling the [defendant] desired the court to make . . . ." N.C.R. App. P. 10(b)(1). "It is also necessary for the [defendant] to obtain a ruling upon the party's request, objection or motion." Id. Where a defendant does not present an argument concerning the validity of his probation to the trial court at the probation revocation hearing, he is generally precluded from making such an argument on appeal from the revocation of his probation. State v. Cooper, 304 N.C. 180, 183, 282 S.E.2d 436, 439 (1981) (holding that "[a] defendant cannot relitigate the legality of a condition of probation unless he raises the issue no later than the hearing at which his probation is revoked"); Tozzi, 84 N.C. App. at 520, 353 S.E.2d at 252 (holding that a defendant could not argue that his probation was based on a defective judgment where he did not first object at the revocation hearing).
In the instant case, defendant did not present to the trial court any argument that he had not been properly served with written notice of his probationary conditions. Rather, defendant's position was that he was aware of, and had not violated, the terms of his probation. As such, the trial court was never given an opportunity to rule on defendant's argument, and we will not consider it for the first time on appeal. This assignment of error is overruled.
We next address defendant's argument that the trial court abused its discretion by revoking his probation where its decision was impermissibly based upon evidence related to a polygraph examination. Defendant properly notes that polygraph evidence is inadmissible in any civil or criminal trial in this State. See, e.g., State v. Grier, 307 N.C. 628, 645, 300 S.E.2d 351, 361 (1983). Specifically, this exclusion applies to "all evidence concerning whether or not, in the operator's opinion, the defendant was being deceptive[.]" State v. Singletary, 75 N.C. App. 504, 506-07, 331 S.E.2d 166, 168 (1985).
In the instant case, however, the trial court expressly stated that it was not considering the results of defendant's polygraph examination. Rather, the court limited its consideration to whether defendant purposefully interfered with the administration of the examination, which was competent evidence of his compliance or noncompliance with the terms of his probation. Especially where, as here, the trial court indicates that it has only considered competent evidence, we must presume that the trial court did not premise its decision on incompetent evidence. See State v. Darrow, 83 N.C. App. 647, 650, 351 S.E.2d 138, 140 (1986) ("[W]here the trial court . . . admits both competent and incompetent evidence [in a probation revocation proceeding], it will be presumed that the court relied on only the competent evidence and disregarded the incompetent evidence."). This assignment of error is overruled.
Affirmed.
Judges McCULLOUGH and ELMORE concur.
Report per Rule 30(e).