STATE OF NORTH CAROLINA v. KEITH WAYNE ARNOLD

No. COA04-191

(Filed 5 April 2005)

**Probation and Parole— probation revocation—improperly allowing victim to give opinion**

The trial court erred in a probation revocation case by allowing the victim to give his opinion as to whether defendant's probation should be revoked, because: (1) the trial court did not exercise its discretion in revoking defendant's probation, but instead allowed the victim to determine whether defendant's probation should be revoked; and (2) defendant is entitled to have and receive such punishment for his offenses as the judge may impose and as the law allows.

Appeal by defendant from judgment entered 3 November 2003 by Judge James Floyd Ammons, Jr. in Cumberland County Superior Court. Heard in the Court of Appeals 10 January 2005.

*Attorney General Roy Cooper, by Assistant Attorney General Stacey A. Phipps, for the State.*

*Appellate Defender Staples S. Hughes, by Assistant Appellate Defender Kelly D. Miller, for defendant-appellant.*

CALABRIA, Judge.

Keith Wayne Arnold ("defendant") appeals from a judgment revoking his probation and activating two consecutive sentences of ten to twelve months in the North Carolina Department of Correction. On appeal, defendant takes issue with the trial court allowing the victim in this case to give his opinion as to whether defendant's probation should be revoked. After a review of the record, we reverse and remand for further proceedings.

STATE v. ARNOLD

[169 N.C. App. 438 (2005)]

Defendant pled guilty to two counts of obtaining property by false pretenses after duping Shelby Tart (the "victim") into purchasing two mobile homes that were subject to financing liens totaling $22,750. The trial court ordered that defendant pay $22,750 in restitution to satisfy the financing liens of the mobile homes bought by the victim. Initially, the trial court continued judgment until 5 June 2003, contingent upon defendant paying the first installment of $8,000 by that date. When defendant paid the first installment as ordered, the trial court entered judgment on 5 June 2003 suspending defendant's sentences and placing him on supervised probation for thirty-six months. In addition to the regular terms and conditions of probation, defendant was ordered to pay the balance of the restitution due to his victim within 240 days from the entry of judgment.

On or about 6 August 2003, defendant's probation officer filed violation reports in each of defendant's cases, alleging the following violations: (1) failure to contact his probation officer in Hoke County on 6/6/03, 6/16/03, 6/25/03, 7/1/03, 7/15/03, and 7/16/03; (2) failure to pay court fees as ordered by the court and being $912 in arrears; (3) residence unable to be verified due to no one being there and there being no sign of occupancy on 6/13/03, 7/15/03, 7/16/03, and 7/20/03; (4) leaving the state without permission to go to Florida on business. Defendant's probation revocation hearing was held on two court dates, 28 October and 3 November 2003, by Judge James F. Ammons, Jr. in Cumberland County Superior Court.

At the outset of the 28 October 2003 hearing, defendant, through counsel, admitted to having gone to Florida to work. Counsel, however, explained that there was some confusion because defendant believed his previous attorney had made arrangements with his probation officer entitling him to do so. Defendant returned to North Carolina when he finished his contract and was arrested for probation violations.

The court next heard from defendant's probation officer, who recommended that defendant be required to pay the $8,000 restitution payment that was currently due. Due to the problem of trying to keep up with defendant and his other pending cases in various other counties, the probation officer recommended that the court revoke defendant's probation but suggested that the court give defendant an opportunity to "purge" himself of the revocation by paying the next restitution payment at the next session of court. The court then heard from the victim, as to the amount still owing to him. Finally, the court conversed at length with defendant and counsel, who assured the

court that two of defendant's workers were coming from Florida with funds to cover the $8,000 restitution payment. Thereafter, the trial court found that defendant had willfully violated the terms and conditions of his probation and continued the matter until Monday, 3 November 2003.

When court reconvened on 3 November 2003, defendant had not paid the restitution owed. The trial court entered judgment revoking defendant's probation and activating his sentences. Defendant appeals, asserting the trial court erred in allowing the victim to decide whether his probation should be revoked. Defendant contends that the trial court violated the "minimum requirements of due process" when it abdicated its decision-making authority to the victim in this case. We agree.

" '[P]robation is an act of grace by the State to one convicted of a crime.' " *State v. Hill*, 132 N.C. App. 209, 211, 510 S.E.2d 413, 414 (1999) (quoting *State v. Freeman*, 47 N.C. App. 171, 175, 266 S.E.2d 723, 725 (1980)). Accordingly, "a proceeding to revoke proba-. tion is not bound by strict rules of evidence and an alleged violation of a probationary condition need not be proven beyond a reasonable doubt." *Id.* Rather, "[a]ll that is required is that the evidence be sufficient to reasonably satisfy the judge in the exercise of his sound discretion that the defendant has willfully violated a valid condition of probation." *State v. White*, 129 N.C. App. 52, 58, 496 S.E.2d 842, 846 (1998). "[O]nce the State has presented competent evidence establishing a defendant's failure to comply with the terms of probation, the burden is on the defendant to demonstrate through competent evidence an inability to comply with the terms." *State v. Terry*, 149 N.C. App. 434, 437-38, 562 S.E.2d 537, 540 (2002). "If the trial court is then reasonably satisfied that the defendant has violated a condition upon which a prior sentence was suspended, it may within its sound discretion revoke the probation." *Id.*, 149 N.C. App. at 438, 562 S.E.2d at 540. As there are no issues concerning whether there was a willful violation of a valid condition of probation, our review is limited to whether the trial court properly exercised its discretion in revoking defendant's probation.

During the 28 October 2003 hearing, the trial court noted it had already "adjudicated the case," and indicated it would revoke defendant's probation if defendant failed to make the necessary restitution payment on or before 3 November 2003. While that may appear, initially, to be dispositive of defendant's appeal, we note the trial court made several comments in the subsequent 3 November hearing which

belie the trial court had, in fact, determined to revoke defendant's probation. These statements by the trial court at the 3 November hearing include the following: (1) "I'm going to send you to prison for the entire term unless [the victim] says give him another chance because it's his money[,]" (2) "I'm not going to [let you out] unless [the victim] asks me to . . . I am going to leave it in his hands[,]", (3) "If [the victim] want[s] me to give [defendant] another chance, I will do so. If not, I'll send him to prison today[,] (4) "If you [the victim] want me to, I will continue [defendant] on probation . . . . I want you [the victim] to make that decision." After these comments, the victim and trial court engaged in the following dialogue:

[The victim]: My decision is, Your Honor, that he's in too much trouble . . . . I think he needs to go somewhere and grow up.

The Court: Okay.

[The victim]: That's my thoughts.

The Court: You want me to send him on?

[The victim]: Yes, sir.

The trial court reiterated that defendant willfully violated the terms and conditions of his probation and revoked defendant's probation. These comments by the trial court indicate it did not exercise its discretion in revoking defendant's probation. We agree with defendant that, under the unusual circumstances in this case, the trial court abdicated its duty to exercise its discretion and, instead, allowed the victim to determine whether defendant's probation should be revoked. As noted in *Terry*, the decision to activate a defendant's probation lies within the trial court's "sound discretion" and that discretion cannot be given over wholly to another to determine the appropriate outcome with respect to whether a defendant's probation should be revoked.

The State argues, in the alternative, that defendant cannot show a different result would have been reached at trial absent the alleged error because "[d]efendant admitted the violations and regardless of [the] victim's input, his sentence could be activated." The State is correct in noting that defendant's sentence *could* be activated. It is equally true, however, that the trial court was not obligated to activate defendant's sentence. Where the trial court failed to determine whether to activate defendant's sentence and, instead, allowed the victim to revoke defendant's probation, we are of the opinion that

prejudicial error has occurred. *Accord State v. Phillips*, 185 N.C. 614, 621-22, 115 S.E. 893, 897 (1923) (noting that the court alone has "power to pass upon the . . . guilt of a defendant or his liability to punishment" and reversing the imposition of punishment on a suspended sentence upon observing that "[t]he judge should have ascertained whether the allegation of the state that the prisoner had violated the condition on which the judgment was suspended had been shown, and . . . [i]f he decided upon competent evidence that it had been so violated, [the judge] should then have proceeded to impose such punishment as, in his sound discretion, the circumstances of the case and the law required"). As in *Phillips*, we hold defendant was not properly sentenced and is entitled "to have and receive such punishment for his offense as the judge may impose and as the law allows." *Id.*

Reversed and remanded.

Chief Judge MARTIN and Judge GEER concur.