STATE OF NORTH CAROLINA,
v.
BRENT WILLIAM JACOBY.
No. COA09-751.
Court of Appeals of North Carolina.
Filed: January 19, 2010.
This case not for publication
Attorney General Roy Cooper, by Assistant Attorney General Seth P. Rosebrock, for the State.
Kimberly P. Hoppin for Defendant-Appellant.
McGEE, Judge.
Brent William Jacoby (Defendant) appeals from judgments entered revoking his probation and activating his suspended sentences.
Defendant pleaded guilty to two counts of felony breaking and entering, two counts of larceny after breaking and entering, and two counts of felony larceny on 26 June 2003. Defendant was sentenced to two consecutive terms of fifteen months to eighteen months, which were suspended, and Defendant was placed on supervised probation for thirty-six months.
Thereafter, Defendant absconded, was arrested and subsequently served three years in Attica in New York on perjury charges. Defendant was released from prison on 7 February 2008, picked up, and returned to North Carolina. On 20 March 2008, Defendant was brought back to court on allegations that he had violated the conditions of his probation. Defendant was found to be in willful violation of the conditions of his probation, and he was ordered to attend and complete Drug Treatment Court.
Defendant's probation officer filed probation violation reports on 23 April 2008 alleging Defendant failed to report as directed on 14 April 2008 for his probation appointment, and that he failed to report for his drug screen on 21 April 2008. Additional violation reports were filed on 23 July 2008 alleging Defendant was terminated from Drug Treatment Court on 2 May 2008.
A probation violation hearing was held on 21 August 2008. Defendant's probation officer testified, while Defendant offered no evidence on his on behalf. At the conclusion of the hearing, the trial court found that Defendant violated the conditions of his probation by failing to report as directed on 14 April 2008 and 21 April 2008. At the time, Defendant had pending charges in another county, and the trial court continued judgment until 4 September 2008. The trial court revoked Defendant's probation and activated the suspended sentences on 4 September 2008. In its discretion, the trial court set the sentences to run concurrently. Defendant appeals.
Defendant argues that the trial court erred because the evidence was insufficient to show he willfully violated a condition of his probation.
"Probation is an act of grace by the State to one convicted of a crime." State v. Freeman, 47 N.C. App. 171, 175, 266 S.E.2d 723, 725, disc. review. denied, 301 N.C. 99, 273 S.E.2d 304 (1980). "All that is required in revoking a suspended sentence is evidence which reasonably satisfies the judge in the use of his sound discretion that a condition of probation has been willfully violated." State v. Monroe, 83 N.C. App. 143, 145, 349 S.E.2d 315, 317 (1986) (citing State v. Hewett, 270 N.C. 348, 353, 154 S.E.2d 476, 480 (1967)). "[O]nce the State has presented competent evidence establishing a defendant's failure to comply with the terms of probation, the burden is on the defendant to demonstrate through competent evidence an inability to comply with the terms." State v. Terry, 149 N.C. App. 434, 437-38, 562 S.E.2d 537, 540 (2002) (citation omitted). "If the trial court is then reasonably satisfied that the defendant has violated a condition upon which a prior sentence was suspended, it may within its sound discretion revoke the probation." Id. at 438, 562 S.E.2d at 540 (citation omitted).
Defendant's probation officer testified that Defendant missed a scheduled meeting with her on 14 April 2008. She further testified that Defendant did not call before missing his appointment. However, Defendant appeared for his drug screen later that day and advised that he forgot the meeting. Furthermore, the probation officer testified that Defendant missed his drug screen on 21 April 2008. The probation officer later discovered Defendant had been arrested in Henderson County on 20 April 2008, and was still in custody on 21 April 2008. The trial court stated that missing the 21 April 2008 drug screen was a willful violation unless Defendant "was not guilty . . . and had nothing to do with it." Defendant contends there was no evidence presented to suggest he was guilty and let "himself get put in jail." Defendant offered no evidence as to why he was in custody on 21 April 2008.
As a condition of probation, Defendant was required to attend scheduled meetings with his probation officer. The evidence tended to show that on 14 April 2008, Defendant missed a scheduled meeting. The only testimony regarding the missed meeting was from Defendant's probation officer, who testified Defendant stated he missed the appointment because he forgot. Defendant presented no evidence of his inability to comply. Accordingly, we conclude it was within the trial court's discretion to revoke Defendant's probation.
Defendant also argues the trial court erred and abused its discretion in considering factors that were not alleged in the probation violation reports. Defendant contends the trial court considered the fact that he previously absconded in its decision to revoke his probation.
We find this argument without merit. The trial court clearly indicated that it found Defendant willfully violated the conditions of his probation by failing to attend scheduled meetings. "The breach of any single valid condition upon which the sentence was suspended will support an order activating the sentence." State v. Braswell, 283 N.C. 332, 337, 196 S.E.2d 185, 188 (1973). Accordingly, this argument is overruled.
Lastly, Defendant has identified a clerical error in the judgments. In the section entitled "Findings," it states: "The condition(s) violated and the facts of each violation are as set forth . . . in paragraph[] 1 in the Violation Report . . . dated 05/12/2008." The violation report dated 12 May 2008 deals with Defendant's termination from Drug Court. The record clearly indicates that Defendant was not found to have willfully violated this condition of probation. Defendant was found to be in willful violation as set forth in paragraph 1 of the violation report dated 22 April 2008.
Therefore, we affirm the order of the trial court revoking Defendant's probation and activating his suspended sentence, but remand for correction of the clerical error. See State v. Smith, 188 N.C. App. 842, 845, 656 S.E.2d 695, 696 (2008) ("When, on appeal, a clerical error is discovered in the trial court's judgment or order, it is appropriate to remand the case to the trial court for correction because of the importance that the record `speak the truth.'").
Affirmed; remanded for correction of judgments.
Judges GEER and HUNTER, JR. concur.
Report per Rule 30(e).