**STATE v. ASKEW**

[221 N.C. App. 659 (2012)]

STATE OF NORTH CAROLINA v. KEVIN ASKEW

No. COA11-1598

(Filed 17 July 2012)

## Probation and Parole—violation—approved residence—not willful

The trial court manifestly abused its discretion in a probation revocation case by finding that defendant had willfully violated the terms of his probation by failing to supply an approved residence. Defendant was unable to obtain suitable housing before his release from incarceration because of circumstances beyond his control.

Appeal by defendant from judgments entered 28 July 2011 by Judge Milton F. Fitch, Jr., in Pasquotank County Superior Court. Heard in the Court of Appeals 21 May 2012.

*Attorney General Roy Cooper, by Assistant Attorney General Bethany A. Burgon, for the State.*

*Wait Law, P.L.L.C., by John L. Wait, for defendant.*

ELMORE, Judge.

On 16 June 2005, a jury found Kevin Askew (defendant) guilty of two counts of indecent liberties with a child. The trial court sentenced defendant to two terms of 21 to 26 months' imprisonment, to be served consecutively. The trial court suspended both sentences and placed defendant on 36 months of supervised probation, beginning when defendant was "released from incarceration" in another case (04 CRS 1542). As part of his intermediate sentence, defendant was ordered to "report to his probation officer within 24 hours of his release of serving his active sentences"· and to "[c]omply with the Special Conditions of Probation—Intermediate Punishments— Contempt which" were set forth on page two of AOC-CR-603. Defendant was also placed on nine months of intensive supervision and ordered to "comply with the rules adopted by that program," which is administered by the Division of Community Corrections (DCC).

On 1 July 2011,[1] defendant's probation officer filed a violation report, alleging that defendant had willfully violated the terms of his probation by failing to have an approved residence plan. An order for defendant's arrest was issued, and defendant was arrested. However, defendant was still in custody at the time of his alleged violation and when he was arrested.

On 1 July 2011, defendant was transported from prison to the Sheriff's Office in Elizabeth City for release following his incarceration for 04 CRS 1542. However, defendant's probation officer arrested defendant for violating his probation while defendant was in the custody of the Pasquotank Sheriff's Department. He was then transported back to prison.

At the revocation hearing, Judge Milton F. Fitch, Jr., questioned this turn of events, asking how defendant could have been in willful violation of his probation terms "when the State of North Carolina did not allow him to do what [the] order said to do." Judge Fitch observed, "If you pick him up, you don't turn him a loose, he can't go nowhere unless he's got the key to the jail house."

Defendant's probation officer explained that DCC policy requires offenders on intensive probation to provide a suitable residence before they are released. When Judge Fitch asked if DCC had given defendant "an opportunity to get a house"—specifically the 24 hours that he had ordered in the judgment—the probation officer answered, "No." Judge Fitch replied,

> I don't see how I can find that he's in willful violation of my order when you brought him from prison to jail and he's been in jail ever since he was brought from prison. If you-all can tell me how I can do that, tell me how he is in willful violation, I will be glad to send him on. If you can't tell me that then I'm going to give him at least 24 hours to get a place to stay. That is what everybody else has when you give that order.

In response, the probation officer explained

> When a person is placed on—as far as intensive probation, we have got to go to a house to check him. He did not provide us the house. The program person, we spoke to that person, we tried to find a place for him to stay, they tried to find a place

---

1. The file stamp states that the violation report was filed on 31 June 2011, which is not a day; text within the report states that the probation officer reviewed the alleged violations on 1 July 2011.

STATE v. ASKEW

[221 N.C. App. 659 (2012)]

for him to stay, couldn't find a place. Since he's been here I have called seven different numbers to try to find a place. No one will let him stay there. While someone is on intensive probation we have to go check him that night, due to a curfew check. When he couldn't provide us a residence, so we at that time locked him up, Your Honor.

Defendant's relatives also refused to allow him to live with them.

Judge Fitch noted that defendant had found himself in a Catch-22 but ultimately found that defendant was in willful violation of the terms and conditions of his probation, revoked defendant's probation, and activated his sentence.

On appeal, defendant argues that the trial court erred by finding that he had willfully violated the terms of his probation by failing to supply an approved residence. We agree.

We review a trial court's decision to revoke probation only for "manifest abuse of discretion." *State v. Tennant*, 141 N.C. App. 524, 526, 540 S.E.2d 807, 808 (2000) (quotation and citation omitted). To revoke a defendant's probation, the trial court need only find that the defendant has "willfully violated a valid condition of probation or that the defendant has violated without lawful excuse a valid condition upon which the sentence was suspended." *State v. Hewett*, 270 N.C. 348, 353, 154 S.E.2d 476, 480 (1967). "Additionally, once the State has presented competent evidence establishing a defendant's failure to comply with the terms of probation, the burden is on the defendant to demonstrate through competent evidence an inability to comply with the terms." *State v. Terry*, 149 N.C. App. 434, 437-38, 562 S.E.2d 537, 540 (2002) (citation omitted). "If the trial court is then reasonably satisfied that the defendant has violated a condition upon which a prior sentence was suspended, it may within its sound discretion revoke the probation." *Id.* at 438, 562 S.E.2d at 540 (citation omitted). Though trial judges have discretion in probation proceedings, that discretion " 'implies conscientious judgment, not arbitrary or willful action. It takes account of the law and the particular circumstances of the case, and is directed by the reason and conscience of the judge as to a just result.' " *State v. Hill*, 132 N.C. App. 209, 212, 510 S.E.2d 413, 415 (1999) (quoting *State v. Duncan*, 270 N.C. 241, 245, 154 S.E.2d 53, 57 (1967)). Thus, "fairness dictates that in some instances a defendant's probation should not be revoked because of circumstances beyond his control." *Id.*

Here, defendant's probation was revoked for reasons beyond his control. Defendant's probation officer testified that he called seven different numbers in his unsuccessful efforts to secure defendant a suitable place to reside. In addition, his family members refused to allow him to live with them. Defendant's probation officer also testified that DCC did not give defendant an "opportunity to get a house," an opportunity the trial judge clearly expected defendant to have. Although the statutes permit an offender to serve a term of probation concurrently with a term of incarceration, *see* N.C. Gen. Stat. § 15A-1346(b) (2011), offenders who are incarcerated do not have the same opportunities to satisfy certain terms of their probation as offenders who are not incarcerated. They have limited means with which to investigate and contact prospective residences. In addition, registered sex offenders are quite limited by residency restrictions. *See* N.C. Gen. Stat. § 14-208.16 (2011) (setting out residential restrictions); *see also* N.C. Gen. Stat. § 14-208.18 (2011) (setting out locations at which registered sex offenders cannot "knowingly be"). Accordingly, we hold that defendant has demonstrated that he was unable to obtain suitable housing before his release from incarceration because of circumstances beyond his control. The trial court abused its discretion by finding otherwise. We reverse the judgment revoking defendant's probation and activating his sentence.

Reversed.

Chief Judge MARTIN and Judge HUNTER, JR., Robert N., concur.