HUNTER, JR., Robert N., Judge.
Tony Smith ("Defendant") appeals from judgments revoking his probation and activating his suspended sentences. We affirm.
I. Factual and Procedural History
On 9 April 2015, Defendant, pursuant to a plea arrangement with the State, entered an Alford plea to two counts of sale of marijuana. The trial court sentenced Defendant to two terms of 10 to 21 months' imprisonment. The trial court suspended those sentences, and placed Defendant on supervised probation for 30 months.
Defendant's probation officer filed violation reports on 31 August 2016, 10 November 2016, 15 November 2016, and 24 January 2017. The reports alleged: (1) Defendant tested positive for cocaine and admitted to using the drug; (2) Defendant was in arrears as to his court costs; (3) Defendant failed to obtain/retain satisfactory employment; (4) Defendant was not compliant with recommended drug treatment; (5) Defendant was charged with multiple new drug and driving offenses; and (6) Defendant absconded from probation. The trial court conducted a probation violation hearing on 21 February 2017. Defendant admitted he violated the terms of his probation. As a result, the trial court entered judgments revoking Defendant's probation and activating his suspended sentences. On 28 February 2017, Defendant filed a pro se written document purporting to appeal from the trial court's judgments.
II. Petition for Writ of Certiorari
As an initial matter, we address defendant's written notice of appeal. Appellate Rule 4, which governs entry of notice of appeal in criminal cases, states:
(a) Manner and time. Any party entitled by law to appeal from a judgment or order of a superior or district court rendered in a criminal action may take appeal by:
(1) giving oral notice of appeal at trial, or
(2) filing notice of appeal with the clerk of superior court and serving copies thereof upon all adverse parties within fourteen days after entry of the judgment or order....
N.C.R. App. P. 4(a). Moreover, this rule requires a written notice of appeal "shall specify the party or parties taking the appeal; shall designate the judgment or order from which appeal is taken and the court to which appeal is taken[.]" N.C.R. App. P. 4(b).
Defendant's counsel concedes his notice of appeal did not comply with most of the above requirements of Appellate Rule 4, subjecting Defendant's appeal to dismissal. However, Defendant has also filed a petition for writ of certiorari seeking review of his judgments. In our discretion, we allow Defendant's petition for writ of certiorari and consider the merits of his appeal.
III. Standard of Review
"If the trial court is ... reasonably satisfied that the defendant has violated a condition upon which a prior sentence was suspended, it may within its sound discretion revoke the probation." State v. Terry , 149 N.C. App. 434, 438, 562 S.E.2d 537, 540 (2002). "The findings of the judge, if supported by competent evidence, and his judgment based thereon are not reviewable on appeal, unless there is a manifest abuse of discretion." State v. Tennant , 141 N.C. App. 524, 526, 540 S.E.2d 807, 808 (2000). An abuse of discretion occurs when "the court's ruling is manifestly unsupported by reason or is so arbitrary that it could not have been the result of a reasoned decision." State v. Hennis , 323 N.C. 279, 285, 372 S.E.2d 523, 527 (1988).
IV. Analysis
Defendant's sole argument is the trial court abused its discretion by revoking his probation and activating his suspended sentences. Defendant contends the State failed to introduce sufficient evidence to prove Defendant violated a condition of his probation allowing for revocation. We disagree.
A hearing to revoke a defendant's probationary sentence only requires that the evidence be such as to reasonably satisfy the judge in the exercise of his sound discretion that the defendant has willfully violated a valid condition of probation or that the defendant has violated without lawful excuse a valid condition upon which the sentence was suspended. The judge's finding of such a violation, if supported by competent evidence, will not be overturned absent a showing of manifest abuse of discretion.
State v. Young , 190 N.C. App. 458, 459, 660 S.E.2d 574, 576 (2008) (citation and quotation marks omitted).
Pursuant to N.C. Gen. Stat. § 15A-1344(a) (2015), a trial court may not "revoke a defendant's probation for a probation violation, unless that violation is committing a new crime or absconding, or unless the violation follows two prior periods of confinement in response to violations ('CRV')." State v. Williams , 243 N.C. App. 198, 200, 776 S.E.2d 741, 743 (2015). In this case, Defendant's probation reports alleged Defendant committed new crimes and he absconded. The trial court found Defendant violated both conditions.
After Defendant's case was called, the assistant district attorney ("ADA") engaged in the following exchange with defense counsel:
[ADA]: [Defense counsel], does your client admit or deny the willfulness of the probation violation that has been served upon him by his probation officer?
[Defense Counsel]: He admits he violated.
[ADA]: Allow the probation officer to summarize that for the Court? Do you agree to that also?
[Defense Counsel]: Yes.
Defendant's probation officer then summarized Defendant's violations, including Defendant's absconscion. When the court asked for further information about the absconscion violations, the probation officer testified:
Okay. On or about October 10, 2016, the defendant left his place of residence at 317 Mendota Avenue in Lexington without approval. He failed to make his whereabouts known to his probation officer thus absconding supervision. Then again on or about January 10, 2017, the defendant left his place of residence, 317 Mendota Avenue, without prior notification or approval and failed to make his whereabouts known to this probation officer.
Defendant's counsel briefly attempted to dispute the officer's claim, asserting, "My understanding is he still lives at that address and continues to live at that address at this point. So I guess we are not quite understanding the absconding since he still lives there." The probation officer responded, "I have not seen him there. I have been there and I have not seen him there. He failed to contact me." Defense counsel then declined to question the probation officer when the trial court offered her that opportunity.
A probationer absconds by "willfully avoiding supervision or by willfully making the defendant's whereabouts unknown to the supervising probation officer, if the defendant is placed on supervised probation." N.C. Gen. Stat. § 15A-1343(b)(3a) (2015). In this case, the allegations admitted by Defendant and the statements by the probation officer at the hearing demonstrate Defendant was not at his supposed residence multiple times over a several-month period and his whereabouts were unknown to the probation officer. This was sufficient evidence for the trial court to conclude defendant absconded. See id. ; State v. Trent , --- N.C. App. ----, ----, 803 S.E.2d 224, 230-31 (2017).
Nonetheless, Defendant contends more evidence is necessary regarding his whereabouts between the separate absconscion dates alleged in his violation reports. However, once the State presents competent evidence establishing a defendant's failure to comply with the terms of his probation, the burden shifts to the defendant to demonstrate through competent evidence his inability to comply with those terms. State v. Talbert , 221 N.C. App. 650, 652, 727 S.E.2d 908, 910-11 (2012). Defendant's counsel's statement that Defendant still lived at the same address and could therefore not have absconded was not evidence and could not be used in challenging the probation officer's statements. See State v. Crouch , 74 N.C. App. 565, 567, 328 S.E.2d 833, 835 (1985) (holding "counsel's statements were not competent evidence [.]"). Moreover, Defendant explicitly consented to the probation officer summarizing his violations and declined to question the officer when the trial court afforded Defendant the opportunity. Defendant did not attempt to present any evidence on his own behalf.
Although the only evidence presented at the violation hearing was Defendant's absconscion, and because the trial court was reasonably satisfied Defendant violated his probation on that basis, we need not review the separate violation of committing another crime, to which Defendant stipulated through counsel. We conclude the trial court did not abuse its discretion by revoking Defendant's probation for absconding supervision. We affirm the trial court's judgments.
AFFIRMED.
Report per Rule 30(e).
Judges BRYANT and INMAN concur.