IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA19-281

Filed: 21 January 2020

Durham County, No. 14CRS003709, 14CRS003710

STATE OF NORTH CAROLINA

v.

TONY DESHON JONES, Defendant.

Appeal by Defendant from judgments entered 23 October 2017 by Judge James K. Roberson in Durham County Superior Court. Heard in the Court of Appeals 30 October 2019.

*Attorney General Joshua H. Stein, by Assistant Attorney General Christine Wright, for the State.*

*Appellate Defender Glenn Gerding, by Assistant Appellate Defender Nicholas C. Woomer-Deters, for Defendant.*

BROOK, Judge.

Tony Deshon Jones ("Defendant") appeals from judgments entered upon the trial court's finding that he violated his probation by committing new crimes. The trial court activated two of Defendant's suspended sentences after finding the probation violation. We hold that Defendant has failed to show error and affirm.

I. Background

On 5 August 2015, Defendant pleaded guilty to one count of possession of a firearm by a felon and one count of discharging a weapon into occupied property.

Judge G. Wayne Abernathy entered two judgments in Durham County Superior Court that day, determining Defendant to be a prior record level II offender and sentencing him to 14 to 26 months for possession of a firearm by a felon and 29 to 47 months for discharging a weapon into occupied property. These sentences were to run concurrently. However, Judge Abernathy suspended the sentences and placed Defendant on a 36-month term of supervised probation.

On 1 April 2016, less than a year into the term of that probation, law enforcement observed Defendant outside the Joy Mart, a store in Durham, North Carolina, while officers were investigating potential criminal activity. Defendant was observed outside the Joy Mart for approximately one hour without going inside the store from approximately 50 yards away by Officer Norwood, who was monitoring the Joy Mart in an unmarked vehicle.

When Defendant left the store "sometime prior to midnight," Officer Norwood began following him in his car. As he was following Defendant, Officer Norwood noticed Defendant driving approximately 15 miles over the speed limit, and activated his blue lights and siren, conducting a traffic stop of Defendant.

During the stop, Officer Norwood requested Defendant's drivers license and registration and when Defendant replied that he did not have "any ID," Officer Norwood asked that Defendant exit the vehicle. After quickly frisking Defendant for weapons, Officer Norwood stepped to the front passenger side of Defendant's vehicle

and, shining a flashlight inside, observed "what appeared to him to be a handgun, specifically 2 to 3 inches of the grip of what appeared to be a handgun or pistol between the console and seat." Defendant had not previously alerted Officer Norwood to the presence of a gun in the vehicle or informed Officer Norwood that he had a concealed carry permit allowing him to carry a concealed gun. Officer Norwood reached into the vehicle and retrieved what he discovered was a loaded Smith & Wesson pistol. Officer Norwood then placed Defendant under arrest.

Defendant was charged with carrying a concealed weapon and possession of a firearm by a felon. On 24 April 2017, Defendant filed a motion to suppress the pistol recovered during the search, which the trial court denied in open court on 11 July 2017. At the trial of these charges, however, the jury was unable to reach a unanimous verdict, and Defendant's motion for mistrial was granted on 14 July 2017.

Previously, on 7 June 2017, a violation report had been filed in Durham County Superior Court alleging that Defendant had violated his probation by absconding. On 10 and 18 August 2017, supplemental violation reports were filed in Durham County Superior Court alleging that Defendant had violated probation by committing new criminal offenses, despite the fact that the jury had not found him guilty of these crimes.

The violations came on for hearing on 14 September 2017 before the Honorable James K. Roberson. On 23 October 2017, after two continuances, Judge Roberson did

not find an absconding violation but did find that Defendant had committed the new criminal offenses of possession of a firearm by a felon and carrying a concealed weapon and revoked probation for committing these offenses. Judge Roberson activated the suspended sentences previously imposed by Judge Abernathy. The court entered two judgments to that effect.

## II. Petition for Writ of Certiorari

Before reaching the merits of Defendant's sole argument on appeal, we first address his petition for certiorari, which he has filed because of his failure to timely notice appeal from the revocation of his probation. In our discretion, we grant the petition and issue the writ.

Rule 21 of the North Carolina Rules of Appellate Procedure provides that "[t]he writ of certiorari may be issued in appropriate circumstances . . . to permit review of the judgments . . . of trial tribunals when the right to prosecute an appeal has been lost by failure to take timely action[.]" N.C. R. App. P. 21(a)(1). Under N.C. Gen. Stat. § 15A-1347(a), "[w]hen a superior court judge, as a result of a finding of a violation of probation, activates a sentence . . . , the defendant may appeal under G.S. 7A-27." N.C. Gen. Stat. § 15A-1347(a) (2019). There is an appeal as of right to our Court under N.C. Gen. Stat. § 7A-27(b) from "any final judgment of a superior court," with exceptions not at issue here. *Id.* § 7A-27(b)(1).

In the present case, Defendant was found to be in violation of his probation on 23 October 2017 in superior court. However, he did not notice appeal from that finding within 14 days, as required by Rule 4(a)(2) of the North Carolina Rules of Appellate Procedure. *See* N.C. R. App. P. 4(a)(2) ("Any party . . . may take appeal by . . . filing notice of appeal with the clerk of superior court and serving copies thereof upon all adverse parties within fourteen days after entry of the judgment"). In a supporting affidavit attached as an exhibit to Defendant's petition for certiorari, Defendant's trial counsel avers that he lacks "any specific recollection of discussing an appeal . . . with [Defendant]," nor can Defendant's trial counsel recall "advising [Defendant] that an attorney would be appointed to handle his appeal if he could not afford one," or that "there was a 14-day deadline . . . to enter notice of appeal." In a letter filed with the trial court on 24 April 2018, Defendant alerted the court that he wished to appeal the finding that he violated his probation, explaining that his trial counsel did not explain his right to appeal from the finding, and had not assisted him by exercising that right on his behalf. Defendant's right to appeal therefore "has been lost by failure to take timely action[.]" N.C. R. App. P. 21(a)(1). Because Defendant evidently did not understand that he had a right to an appeal from the violation, and it appears that his trial counsel did not explain this right to him – a right he wished to exercise – in the exercise of our discretion we grant Defendant's petition and issue the writ.

III. Merits

In his sole argument on appeal, Defendant argues that the trial court erred in revoking his probation based on the testimony of an officer who testified at a previous hearing on a motion to suppress but not at the revocation hearing. Specifically, Defendant contends that he was deprived of the right to confront and cross-examine this officer at his revocation hearing because the trial court allowed the transcript of his testimony to be introduced and did not find that good cause existed to justify the officer's absence from the revocation hearing. We disagree.

N.C. Gen. Stat. § 15A-1345(e) governs probation revocation hearings, providing in relevant part as follows:

> (e) Revocation Hearing.--Before revoking or extending probation, the court must, unless the probationer waives the hearing, hold a hearing to determine whether to revoke or extend probation and must make findings to support the decision and a summary record of the proceedings. . . . At the hearing, evidence against the probationer must be disclosed to him, and the probationer may appear and speak in his own behalf, may present relevant information, and may confront and cross-examine adverse witnesses unless the court finds good cause for not allowing confrontation. The probationer is entitled to be represented by counsel at the hearing and, if indigent, to have counsel appointed in accordance with rules adopted by the Office of Indigent Defense Services. Formal rules of evidence do not apply at the hearing, but the record or recollection of evidence or testimony introduced at the preliminary hearing on probation violation are inadmissible as evidence at the revocation hearing.

N.C. Gen. Stat. § 15A-1345(e) (2019) (emphasis added).

- 6 -

"A proceeding to revoke probation is not a criminal prosecution," however. *State v. Duncan*, 270 N.C. 241, 245, 154 S.E.2d 53, 57 (1967). The statutory right conferred by N.C. Gen. Stat. § 15A-1345(e) is a codification of the probationer's right to due process under the Fourteenth Amendment and "[t]hus, Sixth Amendment rights . . . are not involved." *State v. Braswell*, 283 N.C. 332, 337, 196 S.E.2d 185, 188 (1973). Although under N.C. Gen. Stat. § 15A-1345(e), a probationer must be "effectively allowed to speak on [his or] her own behalf[,] [and] to present information relevant to the charge that [he or] she [] violated a condition of probation," *State v. Coltrane*, 307 N.C. 511, 516, 299 S.E.2d 199, 202 (1983), the failure of a probationer to request that a witness attend the violation hearing or be subpoenaed and required to testify can constitute waiver of the right to confrontation, *State v. Terry*, 149 N.C. App. 434, 438, 562 S.E.2d 537, 539-40 (2002). The due process right to confrontation prior to a probation revocation also permits "use where appropriate of the conventional substitutes for live testimony, including affidavits, depositions, and documentary evidence." *Gagnon v. Scarpelli*, 411 U.S. 778, 782 n. 5, 93 S. Ct. 1756, 1760 n. 5, 36 L. Ed.2d 656 (1973). And while N.C. Gen. Stat. § 15A-1345(e) confers upon a probationer a right to confrontation, it commits to the discretion of the trial court whether "good cause [exists] for not allowing confrontation." N.C. Gen. Stat. § 15A-1345(e) (2019). Finally, the State need only present "competent evidence establishing a defendant's failure to comply with the terms of probation" to establish

the predicate required for the trial court to determine "that the defendant has violated a condition[.]" *Terry*, 149 N.C. App. at 437-38, 562 S.E.2d at 540. "If the trial court is then reasonably satisfied that the defendant has violated a condition upon which a prior sentence was suspended, it may within its sound discretion revoke the probation." *Id.* at 438, 562 S.E.2d at 540 (citation omitted).

In the present case, Defendant did not request the trial court to make a good cause finding that confrontation should not be allowed. Nor is there anything in the record to suggest that Defendant requested testimony from the officer or subpoenaed the officer to compel his attendance at the revocation hearing. Instead, Defendant's argument in the trial court was that admission of the transcript of testimony by the officer presented at the motion to suppress should not be allowed because it was introduced to prove that he had committed additional criminal offenses during his term of probation, violating a condition of probation, when the jury did not find him guilty at the trial of these charges. We hold that the officer's testimony at the prior hearing on the motion to suppress, relating to whether Defendant was in possession of a firearm while being a felon during the term of his probation and was possessing a concealed weapon without a permit on 1 April 2016, was competent evidence. The trial court's determination that he had violated probation, though the State was unable to prove these charges to the jury, is not error. It therefore was not error for the trial court to neglect to make a ruling on whether good cause existed where such

ruling was not requested by Defendant. Furthermore, live testimony from the officer, who testified at the suppression hearing but not at the revocation hearing, was not required under N.C. Gen. Stat. § 15A-1345(e). There is no indication in the record that Defendant or his counsel sought to confront and cross-examine the officer at the revocation hearing.

## IV. Conclusion

Defendant has failed to show that the trial court erred by revoking his probation and activating his sentence. However, the judgments revoking Defendant's probation and activating his sentences state that they are based on the alleged probation violation of absconding rather than committing new criminal offenses, which was the basis for the trial court's activation of Defendant's previously suspended sentences. Therefore, these judgments are remanded only for correction of the clerical errors to make "the record speak the truth." *State v. May*, 207 N.C. App. 260, 263, 700 S.E.2d 42, 44 (2010) (internal marks and citation omitted).

AFFIRMED; REMANDED FOR CORRECTION OF CLERICAL ERRORS.

Judges TYSON and COLLINS concur.